AUGUSTA C. MATHER et al. *vs.* EDWARD R. CUNNINGHAM et al.

Waldo..    Opinion November 15, 1909.

*Law Court.    Same has no Power to Recall Judgment.    Revised Statutes, chapter 79, section 49.*

Where a petition was filed praying the Law Court to recall its certificate of decision and mandate in a case which had been heard and determined by the Law Court and restore the case to the docket of the Law Court and the case had already gone to judgment when the petition was filed, *held* that there was no statute or rule of law which authorized the Law Court to recall such judgment and reinstate the case on the docket of the Law Court.

On petition to Law Court by plaintiffs.    Dismissed.

The plaintiffs appealed- from the decree of the Judge of Probate, Waldo County, appointing Albert W. Cunningham administrator of the estate of his brother Henry H. Cunningham who died in Shanghai, China, June 10, 1905, and the matter was finally heard and determined by the Law Court.    See 105 Maine, 326.    But as the opinion and the mandate were silent upon the question of costs, the plaintiffs filed a petition in the Law Court praying that court to "recall its certificate of decision and mandate in said case and restore the case to the docket of this court sitting as a court of law, for the purpose of hearing the parties in said matter as to the costs therein."

The case appears in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*Dunton & Morse*, for defendants.

SITTING : WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

SPEAR, J. "To the Honorable, The Justices of the Supreme Judicial Court, sitting as a Law Court at Bangor, in and for the State of Maine, on the first Tuesday of June, A. D. 1909.

"The plaintiffs, petitioners to Your Honors, respectfully represent in the above entitled matter, that Court did on the tenth day of April, 1909, send to the Supreme Judicial Court in and for the county of Waldo, its mandate reversing the decree of the lower court in the matter in which said appeal was taken ; and did render its opinion therein, sustaining the contention of the plaintiffs in said appeal ; but that said mandate and the opinion were silent upon the question of costs ; and that so far as said mandate affects the same, the plaintiffs would not have the right to have costs taxed in their favor therein.  .  .  .

"Wherefore, inasmuch as this Honorable Court, sitting as a court of law, has in other cases made an allowance of costs prior to the mandate of its decision, which mandate in that respect it has been the practice of the supreme court to follow, your petitioners pray that this Honorable Court will recall its certificate of decision and mandate in said case and restore the case to the docket of this court sitting as a court of law, for the purpose of hearing the parties in said matter as to the costs therein, and that upon such hearing it will order that the costs of such appeal to be taxed by the court shall be paid by the appellees."

It would appear from this petition and prayer that the case had already gone to judgment when the petition was filed. R. S., chapter 79, sec. 49. We know of no statute or rule of law which authorizes the Law Court to recall judgment in this case and reinstate it upon the docket of the Law Court.

"The Supreme Court, while sitting as a court of law, is not a court of original jurisdiction," *Baker* v. *Johnson*, 41 Maine, 15,

and "cannot grant leave to amend."    *Crocker* v. *Craig*, 46 Maine, 327.

"Under the present organization of our judiciary, the Law Court is not a court for trials, and has such and only such jurisdiction as is conferred upon it by statute."    *State* v. *Gilman*, 70 Maine, 333.

"The Law Court in this State is not a constitutional court. It is not a court of original or of common law jurisdiction. The court is created by statute, and has that jurisdiction only which the statute has conferred upon it, and that is a limited jurisdiction. It has no other authority. The State has the right in creating the Law Court, to limit its power and to determine upon what conditions they shall be exercised. The court cannot properly extend its statutory powers nor dispense with the conditions imposed." *Stenographer Cases*, 100 Maine, 275.

*Petition dismissed.*