**John Chase RAND and John N. Edson**

**v.**

**B. G. PRIDE REALTY et al.**

Supreme Judicial Court of Maine.

July 14, 1976.

Pierce, Atwood, Scribner, Allen & McKusick by Donald W. Perkins, Albert G. Ayre, Ernest J. Babcock, Portland, for plaintiffs.

Wilson, Steinfeld, Murrell & Lane by Thomas P. Wilson, Henry Steinfeld, Portland, for defendants Murdock.

Wheeler & Pomeroy by David C. Pomeroy, Portland, for B. G. Pride Realty.

Before DUFRESNE, C. J., and WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The plaintiffs initiated an action to recover $10,000.00 which they had paid to B. G. Pride Realty, a real estate broker, as a down payment upon the execution of a contract for the purchase of real estate from the defendants Murdock. Plaintiffs ultimately received a judgment which was

entered on August 22, 1974.[1] On this same day the presiding Justice granted defendants' motion for judgment n. o. v. pursuant to Rule 50(b), M.R.C.P., ordered that the plaintiffs' judgment be set aside, and one entered for the defendants. The plaintiffs appealed to this court, and in an opinion dated January 20, 1976, we sustained the appeal and added the following order:

> "Remanded to the Superior Court for reinstatement of the judgments for the plaintiffs."

*Rand v. B. G. Pride Realty,* 350 A.2d 565, 568 (Me.1976).

Upon remand to the Superior Court, the plaintiffs submitted a "Request for Certification of Costs" to the Clerk of the Law Court and sought to have interest added to the total judgment. The Superior Court Justice informed the parties that he was uncertain of his authority to grant interest pursuant to Rule 76(e), M.R.C.P., and the Clerk of the Law Court deferred action on the "Request for Certification of Costs."

The present action is before this Court on the plaintiffs' "Amended Motion to Amend and Clarify the Court's Mandate," brought pursuant to Rule 75B(a), M.R.C.P.[2] Because the order of remand gave no instructions as to costs and interest, the parties have been unable to reach agreement on the proper allocation thereof. We view the present motion as one for rehearing for the purpose of amending our mandate to include specific instructions on interest and costs. *See Ginn v. Penobscot Company,* 342 A.2d 270, 374 (Me.1975).

In *Ginn* we noted that the Law Court has only as much jurisdiction as is conferred upon it by statute and that the general rule has been that we lack jurisdiction to reinstate a case upon the Law Court docket after issuing a judgment. *Mather v. Cunningham,* 106 Me. 115, 75 A. 323 (1909). However, we held in *Ginn* that

> "the general rule espoused in *Mather v. Cunningham, supra,* stands modified by Rule 75B to the extent of permitting the Law Court to protect the integrity of its own processes and allowing it to implement the generally recognized exceptions to the general rule. Indeed, an appellate court does not lose jurisdiction of the case and may recall its mandate for the purpose of correction, where there has been some irregularity or error in its issuance, as where it was issued contrary to the rules of the court, or where, by reason of a clerical mistake, it does not correctly express the judgment of the court . . . as where the judgment transmitted by the appellate court, because of inadvertent error, mistake, fraud, or lack of jurisdiction, was not in fact the judgment of the court . . . ."

342 A.2d at 275.

We may retain jurisdiction under Rule 75B without the benefit of specific statutory authorization because of our inherent power to specify the particular time at which we divest ourselves of jurisdiction. However, absent the sort of error

1. The entry of judgment reads:

"Judgment entered for the Plaintiffs J. Chase Rand and John N. Edson, joint and severally, against Defendants B. G. Pride Realty, a corporation, Philip J. Murdock and Cynthia H. Murdock in the amount of $10,852.77; and against Defendant Philip J. Murdock and Cynthia H. Murdock in the additional amount of $1,628.33."

Since the evidence at trial was undisputed that the plaintiffs had paid $10,000.00 to the defendants, the judgment must have included costs and interest from the date of filing of the complaint.

2. "*(a) Procedure on Motions.* Unless another form is prescribed by these rules, an application to the Law Court for an order or other relief shall be by motion, which shall be in writing, shall state with particularity the grounds therefor and shall set forth the order or relief sought. . . ."

described in *Ginn*, we lack jurisdiction to amend a mandate. Such being the case here, the plaintiffs' motion, for reasons which we will delineate, must be dismissed.

### *I. Costs*

The plaintiffs argue that our failure to give specific instructions on costs in our order of remand was inadvertent error. Rule 76(a), M.R.C.P., provides:

> "If an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court. Costs shall be taxed against the unsuccessful party unless the Law Court otherwise directs. When a judgment is affirmed or reversed in part, or vacated, costs shall be allowed only as ordered by the Law Court."

In arguing that we inadvertently neglected to instruct on costs in our order of remand, the plaintiffs appear to have misconstrued the language of Rule 76(a). There are only three situations in which the Rule requires specific instructions: 1) when a judgment is affirmed in part; 2) when a judgment is reversed in part; and 3) when a judgment is *vacated*. Furthermore, when a mandate from the Law Court fails to include instructions on costs in any of those situations, it must be interpreted as holding that no costs are allowed. *Ginn v. Penobscot Company,* 342 A.2d at 276. For all other dispositions, the Rule incorporates the statutory presumption that costs are taxed against the unsuccessful party unless the Law Court otherwise directs. 14 M.R.S.A. § 1501.[3]

The plaintiffs apparently brought the present motion to amend with respect to costs under the misconception that our prior mandate "vacated" the judgment entered in Superior Court within the meaning of Rule 76(a). That there is a distinction for purposes of the Rule between a judgment that is "vacated" and a judgment that is "reversed" becomes clearer when reference is made to the corresponding federal rule. Rule 39(a), F.R.App.P., reads:

> "Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; *if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered;* if a judgment is affirmed or reversed in part, *or is vacated,* costs shall be allowed only as ordered by the court." (Emphasis supplied.)

It is immediately apparent that our Rule 76(a) is patterned after the federal rule, the only difference being that the Maine rule restates the "prevailing party" doctrine mandated by 14 M.R.S.A. § 1501, while the federal rule specifically states the guidelines for affirmance and reversal since federal statutes do not include a "prevailing party" provision. *See* Wroth, *The 1967 Amendments to the Maine Rules of Civil Procedure*, 20 Maine L.Rev. 49, 49, 84 (1968). We hold that there is no substantive distinction between our rule and the federal rule on an appeal from a judgment. Where, as here, we sustain an appeal from granting a motion for judgment n. o. v. and direct the entry of the initial judgment, our mandate constitutes a *reversal* of the judgment for the defendants ordered by the Justice below, and both Rule 76(a) and 14 M.R.S.A. § 1501 require that costs be taxed against the appellee unless we direct otherwise. We need not decide under what circumstances a judgment is "vacated" for purposes of Rule 76(a). The plaintiffs are entitled to have the costs of their appeal certified by the Clerk of the Law Court.

3. "In all actions, the party prevailing recovers costs unless otherwise specially provided. If, after a verdict, the party in whose favor the jury found carries the case into the law court and the decision there is against him, he recovers no costs after the verdict but the party prevailing in the law court recovers costs accruing after verdict."

Since costs are awarded to an appellant as a matter of course after a judgment is reversed, there was no reason for us to include specific instructions in our remanding order. There was no error in our original mandate in regard to costs. We lack jurisdiction to amend it.

*II. Interest*

Rule 76(e), M.R.C.P., provides:

"Where a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable as provided by law. Where a judgment is modified or reversed with a direction that a judgment for money be entered in the lower court, the rescript shall contain instructions with respect to allowance of interest *if the prevailing party's claim to interest has been brought to the attention of the Law Court by brief or oral argument.*" (Emphasis supplied.)

The plaintiffs contend that their brief on appeal included a claim for interest and that our failure to include instructions with respect to allowance of interest was error. There is no contention that a claim to interest was raised at oral argument. The single reference to interest in the plaintiffs' brief on appeal was included in the section entitled "CONCLUSION," which stated:

"For the above-stated reasons, Plaintiffs request this Court to grant their appeal, to vacate the judgment of the Superior Court, to enter judgment in accordance with the verdict of the jury, *to award Plaintiffs interest upon the sum of that judgment at the rate of 10% from the date of the jury verdict,* to award Plaintiffs all taxable costs in this proceeding, and to grant Plaintiffs such other and further relief as the case warrants." (Emphasis supplied.)

The authority to award interest on money judgments is derived by statute. 14 M.R.S.A. § 1602 reads:

"In all civil actions, except those actions involving a contract or note which contract or note contains a provision relating to interest, interest shall be assessed from the date on which the complaint is filed in court, provided that if the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days and the losing party at no time requests and obtains a continuance, interest will be assessed from the time of entry of judgment. From and after date of judgment, interest shall be allowed at the rate of 10% per year."

We note initially that regardless of any language to the contrary in Rule 76(e), the statute requires at least an award of interest at the rate of 6% from the date on which the complaint was filed in court.[4] By operation of law the "pre-

4. There were several continuances granted during the course of the prosecution of the appeal in this case. All but three of them were necessitated by the time required for the Court Reporter to prepare the record. At the request of the defendants and with the agreement of the plaintiffs, the time for filing of briefs was extended. Oral argument was originally scheduled for October 7, 1975, but at the request of the plaintiffs was rescheduled for October 14, 1975, a period of less than 30 days. On October 13, the Governor's office communicated with the attorney for the plaintiffs and requested that he be available for pressing business on the following day. A Deputy Attorney General contacted the Chief Justice and requested a further continuance, which was granted until the case was finally argued on December 2, 1975. Although this last continuance was for a period longer than 30 days, the request was not made by the "prevailing party" within the meaning of § 1602.

We note that we have traditionally set the pre-judgment rate of interest at 6% based on the "legal rate of interest" as defined in 9 M.R.S.A. § 228. As of October 1, 1975, 9 M.R.S.A. § 228 was repealed (P.L.1975, ch. 500, § 891(8)(3)) and was not replaced by a comparable provision. The failure to replace the statute appears to have been inadvertent, so in view of our long-standing tradition of using 6% as the pre-judgment interest rate,

vailing party" is entitled to interest from the date of filing without bringing any claim of interest to the attention of the Law Court on appeal. Furthermore, the statute requires that interest be assessed at the rate of 10% from and after the date of judgment. Our concern here is whether the "date of judgment" was August 22, 1974, the date on which an entry of judgment was first made prior to the granting of the motion for judgment n. o. v., or the date on which judgment was entered pursuant to our order of remand.

In *Ginn v. Penobscot Company, supra,* we had occasion to discuss the so-called "Briggs rule" from which Rule 76(e) and the corresponding federal rule, F.R.App. P., Rule 37, are derived. The "Briggs rule" was announced by the United States Supreme Court in *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L. Ed. 1403 (1948), in which it was held that a Federal District Court may not add interest to a judgment ordered by the Court of Appeals because it has no authority to deviate from the mandate of the appellate court. In *Ginn,* we gave the "Briggs rule" a limited construction:

> "We read our interest statute (14 M. R.S.A. § 1602) to mean that one is entitled to interest as a matter of right at a rate of 10% per year, *only when one becomes a judgment creditor. Such a status is not conferred upon a litigant until judgment is entered.* In *Briggs,* the plaintiff did not have the benefit of judgment in her favor until judgment had been entered pursuant to the mandate of the Circuit Court of Appeals. She did not become a judgment creditor prior thereto. The critical time for determination of the applicability of the 'Briggs rule' and of that portion of M. R.C.P., Rule 76(e) which requires that a claim of interest be brought to the attention of the Law Court by brief or oral argument is the point at which the party litigant is invested with the status of a judgment creditor. . . ." (Emphasis supplied.)

*Ginn v. Penobscot Company,* 342 A.2d at 278.

We noted by way of dicta in *Ginn* that a claim of interest should be brought to the attention of the Law Court on an appeal from a judgment n. o. v. because "the plaintiff's right to recover is initially recognized, in the form of a judgment, in the appellate court." 342 A.2d at 280, n. 5. However, the plaintiffs' right to recovery in this case was *in fact recognized* by an entry of judgment prior to the granting of the motion for judgment n. o. v. If we were to treat the entry of judgment in this case as the vesting of the rights of a judgment creditor, then we would be left with the somewhat illogical result that the necessity for calling a claim of interest to the attention of the Law Court and the necessity for giving instructions by this Court depend upon whether judgment is entered before the Justice below orders a judgment n. o. v. But the language of Rule 50(b), M.R.C.P.,[5] makes clear that the entry of judgment after denial of a motion for a directed verdict does not ipso facto give the prevailing party the status of a judgment creditor. The rule provides that a case is given to the jury "subject to a later determination of the legal questions raised by the motion." Although the jury verdict may be the basis of a judgment, it does not

we deem it appropriate to continue the practice. *See Milstar Mfg. Corp. v. Waterville Urban Renewal Authority,* 351 A.2d 538, 544–45 (Me.1976).

5. "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment thereon set aside and to have judgment entered in accordance with his motion for a directed verdict. . . ."

become final until the "later determination" is made or until the time expires for the filing of a Rule 50(b) motion. The party in whose favor the jury has found does not gain the status of a judgment creditor until the occurrence of one of those events.

We thus hold, consistent with *Ginn,* that the plaintiffs were not legally entitled to 10% per annum interest from August 22, 1974. We would not have been authorized to make such an interest award even *assuming* that the plaintiffs had properly claimed it. We need not decide, therefore, whether the plaintiffs' mere generalized prayer for an award of the higher rate of interest is sufficient to meet the procedural requirements of Rule 76(e). Since there was no error in our original mandate, we have no jurisdiction to entertain a motion to amend it.

The entry is:

Motion dismissed.

All Justices concurring.

POMEROY and DELAHANTY, JJ., did not sit.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.