**Richard W. MICHAUD**

v.

**INHABITANTS OF the TOWN OF LIVERMORE FALLS and M. Gaylord Boutilier.**

Supreme Judicial Court of Maine.

March 10, 1978.

Smith & Stein by Gordon E. Stein, Hallowell, for plaintiff.

Locke, Campbell & Chapman by Frank G. Chapman, Augusta, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK and GODFREY, JJ.

McKUSICK, Chief Justice.

In this libel action, the Superior Court entered judgment for the plaintiff against defendants Boutilier and the Town of Livermore Falls upon a jury verdict, and denied the defendants' motion for judgment n. o. v. The defendants appealed from the judgment entered against them, even though for zero damages, and the plaintiff cross-appealed. In an opinion dated January 17, 1978, we sustained the defendants' appeal and denied the plaintiff's cross-appeal. Our mandate read as follows:

"Defendants' appeal sustained;

"Judgment for the plaintiff set aside;

"Remanded to the Superior Court with direction to enter judgment for the defendants notwithstanding the verdict; and

"Plaintiff's cross-appeal denied."

The defendants have now filed with this court a motion to amend the mandate in order to grant costs to them as provided in Rule 76(a), M.R.Civ.P.[1] The plaintiff resists this motion and further urges that even if he were ordered to be responsible for some costs on appeal, the defendants should bear a large share of those costs because they included in the record on appeal unnecessary portions of the lower court proceedings.

We hold that the defendants are entitled to have the costs of their appeal certified by the Clerk of the Law Court because this court's mandate was the equivalent of a complete reversal of the judgment below, and by Rule 76(a), M.R.Civ.P., costs are in those circumstances taxed against the unsuccessful party, "unless the Law Court otherwise directs," as it has not. This case thus is on all fours with and is controlled by *Rand v. B. G. Pride Realty*, Me., 360 A.2d 519 (1976), in which we said:

"Since costs are awarded to an appellant as a matter of course after a judgment is reversed, there was no reason for us to include specific instruction in our remanding order. There was no error in our original mandate in regard to costs." *Id.* at 523.

The plaintiff resists the motion to amend the mandate to award the defendant costs under the misconception that our prior mandate "vacated" the judgment entered in the Superior Court within the meaning of Rule 76(a) and that since our mandate failed to include instructions on costs, it must be interpreted as directing that no costs are allowed the defendants under the rule of *Ginn v. Penobscot Co.*, Me., 342 A.2d 270, 276 (1975). This argument ignores the clear instructions of this court in *Rand v. B. G. Pride Realty, supra*. Even if our direction that the judgment for the plaintiff be "set aside" is equivalent to vacating that judgment, that is not all our mandate or-

---

1. Rule 76(a), M.R.Civ.P., provides in full as follows:

"If an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court. Costs shall be taxed against the unsuccessful party unless the Law Court otherwise directs. When a judgment is affirmed or reversed in part, or vacated, costs shall be allowed only as ordered by the Law Court."

dered. We went further to direct entry of judgment for the defendants, thus effecting a complete reversal of the judgment below. As this court stated in the *Rand* case, *supra* at 522, a comparison of Rule 76(a) with Rule 39(a), F.R.App.P., on which it was modeled, clearly indicates that wherever there is a complete reversal of the judgment below, costs are allowed as a matter of course against the unsuccessful party *unless* the appellate court expressly directs otherwise. The requirement for express allowance of costs in the Law Court mandate comes only where the judgment is only partially affirmed or partially reversed or is *merely* vacated without more, in all of which cases the identification of the unsuccessful party against which costs are assessed is not clear enough to permit automatic operation of the rule.

Thus, on this appeal, in which they prevailed completely, the defendants are entitled to their costs as a matter of course. The mandate issued by this court was complete. The defendants do not require the amendment which they request.

 By prior authority of this court, both the plaintiff and the defendants, having failed to address the issue of costs prior to the issuance of our mandate, are foreclosed from obtaining any modification of the Rule 76a) consequences of a Law Court mandate silent on costs. In any event, we have reexamined the record on appeal in light of the plaintiff's argument that the defendants as appellants had included materials relating exclusively to the original co-defendants, Mr. Wiggins and the Town of Jay, who are not involved in the appeal. We do not find any appreciable overinclusion. The plaintiff brought a single complaint against all four defendants, and all four defendants were represented by the same counsel. The testimony of Mr. Wiggins at trial was equally pertinent to the plaintiff's case against Mr. Boutilier and the Town of Livermore Falls. The reproduction of the separate answer filed on behalf of Mr. Wiggins and the Town of Jay occupied a very small part of the record on appeal, and the plaintiff made no timely objection to its inclusion in the record.

The entry must be:

Motion dismissed.

ARCHIBALD, DELAHANTY, and NICHOLS, JJ., did not participate.