**INHABITANTS OF the TOWN OF SABATTUS**

v.

**Gerard A. BILODEAU.**

Supreme Judicial Court of Maine.

Dec. 11, 1978.

Cote, Cote & Hamann, P. A. by Richard G. Hamann, Lewiston, for plaintiff.

Rocheleau & Fournier, P. A. by Ronald P. Lebel, Lewiston, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

In *Inhabitants of the Town of Sabattus v. Bilodeau*, Me., 391 A.2d 357 (1978), we denied the Town's appeal and dismissed Bilodeau's cross-appeal. Following the issuance of our mandate the parties became embroiled in a dispute over the allowance of costs on appeal. In response to our request, they have filed memoranda of law on the issue.

By the routine application of Rule 76(a), M.R.Civ.P.,[1] each party would be enti-

---

1. Rule 76(a), M.R.Civ.P., reads in full as follows:

"(a) To Whom Costs Are Allowed. If an appeal is dismissed, costs shall be taxed

tled to costs. Rule 76(a) is restatement of 14 M.R.S.A. § 1501 (1964), *Rand v. B. G. Pride Realty*, Me., 360 A.2d 519, 522 (1976), which awards costs to the "prevailing party." Who is the prevailing party is to be determined by a functional analysis, rather than a mechanical application of an isolated provision of Rule 76(a). *Michaud v. Inhabitants of Town of Livermore*, Me., 383 A.2d 45, 47 (1978). In the case at bar each party prevailed in defeating the other's appeal. Neither party loses his status as a prevailing one because he was also unsuccessful on his own separate appeal. *See O'Brien v. Dunlap*, 5 Me. 281 (1828).

■ The causes of action of plaintiff's complaint and defendant's counterclaim are, as expressly held in our main opinion, see 391 A.2d at 358, separate and independent. The two appeals from the single judgment disposing of those two separate and independent causes of action came up to this court on a single record. The Town, by first filing a notice of appeal from the Superior Court's judgment insofar as it adversely disposed of its complaint, took on the primary responsibility under M.R.Civ.P. 73(e) and former M.R.Civ.P. 74(g),[2] of preparing the whole record, including that part relating to Bilodeau's subsequent appeal from the Superior Court's rejection of his counterclaim. However, as expressly provided in former M.R.Civ.P. 74(g), the location of the responsibility for preparing the single record does not determine the location of the ultimate responsibility for paying for the record.

In the case at bar we cannot award costs upon our speculation whether Bilodeau would have appealed from his loss before the Superior Court if the Town had not appealed from its loss. We cannot relieve Bilodeau of certain costs (as for the pleadings and the docket entries) on the theory that the Town would have had to include those items in the record in any event, *i. e.*, even if Bilodeau had not appealed. The fact is that Bilodeau did appeal from the Superior Court's judgment adverse to his completely independent counterclaim against the Town. Without any significant relationship to the relative timing of the appeals, this court was presented with two separate and independent appeals, which for obvious reasons of procedural efficiency are by rule required to be heard on a single record.

In this case the parties have not furnished us the wherewithal to make a cost analysis to identify those costs incurred solely for the benefit of the respective individual parties and to allocate equitably between them those costs that benefited both parties. In any event, we are not convinced that such an exercise would here be worth the candle. Under present circumstances, rough equity can be done by simply an even split of the total taxable costs incurred by both the Town and Bilodeau. The Town, we are told, incurred costs of $1,224.80 and Bilodeau costs of $15.41. Out of the total costs of $1,240.21, each of the appellants should bear fifty percent.

The entry is:

The Clerk of the Law Court is directed to certify that Gerard A. Bilodeau should pay to the Inhabitants of the Town of Sabattus the sum of $604.70 on account of costs on appeal.

■

against the appellant unless otherwise agreed by the parties or ordered by the court. Costs shall be taxed against the unsuccessful party unless the Law Court otherwise directs. When a judgment is affirmed or reversed in part, or vacated, costs shall be allowed only as ordered by the Law Court."

2. A like responsibility in regard to ordering the transcript and getting the clerk's record and preparing the appendix is reflected in the civil appeals rules promulgated in the amendments effective January 3, 1978. See M.R.Civ.P. 74A(a), 74C(a).