E. Scott VOGELL

v.

**Daniel H. SCHNEIDER et al.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1988.
Decided Feb. 18, 1988.

Sophie L. Spur (orally), Spurr & Best, Blue Hill, for plaintiff.

Raymond L. Williams (orally), Silsby & Silsby, Ellsworth, for defendants.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendants, Daniel H. Schneider and Diane C. Schneider, appeal from a judgment of Superior Court (Hancock County) affirming the District Court's award of damages to the Plaintiff, E. Scott Vogell, against the Defendants in a breach of contract action arising out of the renovation of the Defendants' home at Castine.

The Defendants contend that the District Court committed reversible error by granting the Plaintiff damages based in *quantum meruit* because in his complaint the Plaintiff did not seek such remedy. The Plaintiff responds that the District Court properly found that there was an implied contract for time and labor between the Defendants and himself, and that it was the breach of this contract that gave rise to the award of damages.

We affirm the judgment below.

There was no clear error in the District Court's finding that the contract between the parties was not a fixed-price agreement but was, instead, a contract for costs incurred by the Plaintiff while renovating the Defendants' home. *See Norris v. School District No. 1*, 12 Me. 293, 296 (1835).

Moreover, the District Court's award of damages for breach of contrct based upon the Plaintiff's testimony and the bills for labor and materials that were admitted into evidence at the trial had competent support in the record. It will, therefore, not be disturbed. *Bourette v. Dresser Industries, Inc.*, 481 A.2d 170, 174 (Me.1984); *Jamshidi v. Bowden*, 366 A.2d 522, 524 (Me.1976). The fact that the District Court may have inartfully couched its judgment in the language of equity does not alter our conclusion.

The entry is:

Judgment affirmed.

All concurring.