STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 OCT -2 P 3: 29

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-07-008
TDW

SIDNEY ST. F. THAXTER, et al.,

      Plaintiffs,

v.

ZONING BOARD OF APPEALS, et al.,

      Defendants.

**ORDER ON BILL OF COSTS**

By virtue of this court's judgment of August 31, 2007, the plaintiffs are the prevailing parties.[1]

Within the time allowed by 14 M.R.S.A. § 1502-D the plaintiffs filed a Bill of Costs seeking reimbursement of costs allowed by rule and statute. The City of Portland objects to any award of costs and specifically to the $200 claimed as the fee for a visiting attorney admitted under M.R.Civ.P. 89(b). *See* Administrative Order, JB-05-26 (A. 1-06), effective January 1, 2006.[2]

The defendants' objection is based on the premises that this is an administrative appeal pursuant to M.R.Civ.P. 80B and that no allowance is made for costs or attorneys' fees.[3]

14 M.R.S.A. § 1501 allows costs to the prevailing party "[i]n all actions. Section 1502-B allows costs to the prevailing party in "civil actions unless the court otherwise specifically directs." For the purpose of awarding costs there is no distinction between

---

[1] The prevailing party is determined by a functional analysis, rather than mechanical application of a rule on costs. *Inhabitants of the Town of Sabattus v. Bilodeau*, 395 A.2d 123, 124 (Me. 1978).

[2] The fee for visiting attorneys is now $600. Administrative Order, JB-05-25 (A. 1-07).

[3] The plaintiffs have not requested an award of attorneys' fees.

a "civil action" and an 80B appeal. There is no statutory or rule exclusion for administrative appeals and where a party incurs costs that are the same as are allowable in other civil cases, they ought to be recoverable here as well. Indeed, the Law Court has addressed the applicability of costs in civil cases involving a governmental entity. *Inhabitants of the Town of Sabattus v. Bilodeau*, 395 A.2d 123, 124 (Me. 1978) (costs on appeal regarding an earlier action between the same parties, 391 A.2d 357 (Me. 1978)[4] and *Michaud v. Inhabitants of Livermore Falls*, 383 A.2d 45 (Me. 1978) (addressing allowance of costs on appeal).

There is no logical reason why costs, allowable by statute and rule, cannot be recovered in an 80B appeal; accordingly, the court allows costs of $130 to plaintiff.[5] The court does not award costs for the fee for visiting counsel. Neither the statutes nor the rules have been amended to allow recovery of this relatively new fee.[6]

The clerk will make the following entry as the decision of the court:

Cost allowed to plaintiffs as the prevailing party in the total amount of $130.

SO ORDERED.

DATED: October 2, 2007

Thomas E. Delahanty II
Justice, Superior Court

---

[4] Costs on appeal were previously allowed by M.R.Civ.P. 76(a). That rule has been abrogated. Costs on appeal now are governed by M.R.App.P. 13, but is functionally the same.

[5] $120 filing fee and cost of two summonses.

[6] Whether a party decides to retain out-of-state counsel is discretionary for that party. It is not part of normal or routine litigation where a party is required to incur costs to maintain or defend a lawsuit.

2

Date Filed _02-02-07_ _CUMBERLAND_ Docket No. _AP-07-008_
County

Action _80B APPEAL_

SIDNEY ST F THAXTER
MARY E MCCANN THAXTER

ZONING BOARD OF APPEALS, CITY OF
PORTLAND
JOSHUA C EMPSON

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| SIDNEY ST F THAXTER ESQ<br>ONE CANAL PLAZA, SUITE 1000<br>PORTLAND ME 04112-7320<br>(207)774-9000<br><br>WILLIAM MESERVE ESQ (VISITING ATTY) | CHRIS NEAGLE ESQ (JOSHUA EMPSON)<br>TROUBH HEISLER<br>PO BOX 9711<br>PORTLAND ME 04104-5011 tel:780-6789<br><br>JAMES R. ADOLF, ESQ. (CITY OF PORTLAND)<br>389 CONGRESS STREET<br>PORTLAND ME 04101<br>874-8480 |

Date of
Entry