Bernice M. STURGEON, et al.,

v.

**MAROIS BROTHERS, INC.**

Supreme Judicial Court of Maine.

Argued June 3, 1986.

Decided July 9, 1986.

Jackson & Pallas, Ray R. Pallas (orally), Westbrook, for plaintiff.

Richardson, Tyler & Troubh, Robert Knight (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Bernice M. Sturgeon appeals from a summary judgment of the Superior Court, Cumberland County, entered upon the defendant's motion alleging failure to commence the action within the operative statute of limitations, 14 M.R.S.A. § 752 (1980). The complaint alleges that Marois Brothers, Inc. negligently installed, repaired or otherwise constructed a sewer system and sewer interceptor so as to cause damages to the Sturgeon home in Westbrook. Because the record before us does not establish exactly when the period of limitations commenced, we vacate the summary judgment.

In 1973 Bernice Sturgeon purchased a house at 33 Dunn Street in Westbrook. Between April 17, 1976 and January 31, 1977 Marois had a contract with the Portland Water District to install sewer interceptors in the City of Westbrook. Sturgeon alleges that sometime between those dates Marois installed a "sewer interception" for the Sturgeon home. Apparently all of the work done by Marois was within the limits of Dunn Street and not on the Sturgeon property. In March or April of 1977, shortly after the completion of the construction work, waste from the sewer drain backed up into the cellar. Sturgeon notified the Portland Water District and was advised that something must be wrong with her sewer line because the Water District system was operating properly. Sturgeon then hired a local septic contractor to clean the sewer line.

Thereafter, Sturgeon continued to notice strong foul odors coming from the sewer drain. In the spring of 1981, the drain again backed up and flooded the basement, this time causing the walls to crack and the basement floor to lift. The Portland Water District excavated the sewer lines in the roadway in front of the Sturgeon home to repair the sewer. The excavation revealed a negligently installed connector for the Sturgeon residence. The Portland Water District referred Sturgeon to the insurance company for Marois. The insurance company declined liability, and Sturgeon served her complaint on July 28, 1983.

Marois contends that the summary judgment was proper because the plaintiff failed to commence her action within the six-year time period specified in section 752. Its only contention is that the plaintiff's injury began in the spring of 1977, when the sewer connection to her home first flooded her cellar, and that the statute of limitations began to run from the date of that first back-up. The record before us does not support Marois's contention.

Generally, a cause of action in tort accrues when the plaintiff sustains a judicially cognizable injury. *Goodman v. Magnavox Co.*, 443 A.2d 945, 946 (Me. 1982). The record in this case does not establish conclusively that the damage suffered by the plaintiff in 1977 resulted from the same negligent conduct that caused the damage in 1980. The record reveals only that Sturgeon believed the damages to be related. Thus, the critical fact that the period of limitation commenced in 1977 is not established beyond dispute. Because the record does not support Marois's contention, we need not address any other issues.

The entry is: Judgment vacated.

All concurring.