**BANGOR WATER DISTRICT**

v.

**MALCOLM PIRNIE ENGINEERS et al.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1987.

Decided Jan. 6, 1988.

---

Angela M. Farrell, John W. Ballou (orally), Mitchell & Stearns, Bangor, for plaintiff.

Glenn H. Robinson (orally), Roy H. Thompson, Hunt, Thompson & Bowie, Portland, for Malcolm Pirnie Engineers.

Jonathan S. Piper (orally), Preti, Flaherty & Beliveau, Portland, for H.B. Fleming, Inc.

John H. Rich, Thomas B. Wheatley, Portland, for amici curiae.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Bangor Water District (hereinafter the "District"), appeals from judgments in the Superior Court, Penobscot County, dismissing its actions, based on various theories of recovery, against the defendants, Malcolm Pirnie Engineers (hereinafter "Pirnie") and H.B. Fleming, Inc. (hereinafter "Fleming"). Pirnie is a New York City engineering firm; Fleming is a Maine construction firm.

The facts of this case are as follows. In 1957, the District developed plans to re-

place the outmoded water system serving the greater Bangor area at that time. The District planned to use Flood's Pond, located a substantial distance from Bangor, as its primary source of water. An underground pipeline was planned in order to bring this water into Bangor. The pipeline project was completed during 1958–59. One part of the project, designated as Contract Number 6, involved the laying of two parallel pipelines from Eddington to Bangor across the Penobscot River. Two pipelines were used to insure that if one broke, the other would be able to carry water across the river, and the pipes were to be laid under the bed of the river to prevent their exposure to currents, ice and other objects in the river. Pirnie was retained by the District to develop and design the new pipeline, including the pipes to be laid in Contract Number 6. The District hired Fleming for the actual construction of the pipeline.

In the spring of 1978, a breach of the Bangor Dam caused the Penobscot River to flow more rapidly than usual. In the late summer of that year, the District discovered that the pipes were exposed in the river and not buried under the riverbed as they were supposed to be.

Surveys were conducted by the District to determine the extent of the pipes' exposure to the river current. These surveys revealed that the pipes had been built two to four feet higher than shown in the as-built plans provided to the District by Pirnie.[1] Owing to the exposed condition of the pipes, there is an increased risk that they will be broken or damaged in the future. The District had not been aware of this discrepancy, relying, as it had, on the accuracy of the as-built plans from Pirnie.

The District initiated an action against Pirnie and Fleming in the Superior Court, Penobscot County, on July 2, 1981. An amended complaint was filed on December 1, 1981. The amended complaint included

---

**1.** As-built drawings are made after a construction project is complete. These drawings are supposed to indicate how a project actually has

been built, as opposed to how the project was planned to be built.

**1328**

theories of recovery based on negligence, willful misconduct, professional malpractice, and breach of contract. An allegation of fraud was made against Pirnie alone.

Based on the failure of the District to comply with statutes of limitations, Pirnie and Fleming moved to dismiss the complaint pursuant to M.R.Civ.P. 12(b)(6). The motion justice concluded that the action against Fleming was time barred under the general six-year statute of limitations,[2] and that because fraud was not alleged against Fleming, the action against Fleming was not saved under 14 M.R.S.A. § 859 (1980)[3] and had to be dismissed.[4]

Because the District did allege fraud against Pirnie, thereby implicating section 859, the action against Pirnie was upheld against the statute of limitations challenge.[5]

Pursuant to M.R.Civ.P. 16, a pretrial conference was held regarding the action against Pirnie on November 2, 1984, in the Superior Court. In the pretrial order, the conference justice ordered, *inter alia*, that "[t]he issue of whether or not there was fraudulent concealment by the Defendant [Pirnie] of a cause of action will be tried separately and first. If Plaintiff prevails as to that issue, then, issues of negligence, professional malpractice, breach of contract, negligent misrepresentation will be tried." The District made no objection to

that order nor to a prior order of the court setting out the same conditions.

At the end of the District's case presented to a jury, Pirnie moved for a directed verdict. The trial justice granted this motion and judgment was entered in Pirnie's favor. The District then filed this appeal.

## I. THE ACTIONS AGAINST FLEMING

The District does not dispute that 14 M.R.S.A. § 752 is the correct statute of limitations with respect to its action against Fleming.[6] The District argues that we should hold that the applicable statute of limitations should not run against it until the date the pipe defect was discovered. The general rule followed in Maine is that a statute of limitations begins to run upon the date of the wrongful act producing the injury complained of. *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me.1987). We have recognized two narrow exceptions to this general rule, applying a discovery rule in particular cases of medical malpractice, *Myrick v. James*, 444 A.2d 987, 996 (Me.1982) (foreign object left in body after surgery), and legal malpractice, *Anderson v. Neal*, 428 A.2d 1189, 1191 (Me.1981) (negligence in land title search). Both of these cases involved, among other differences from this case, the existence of a confidential relationship and, in the absence of an independent investigation being un-

---

2. *See* 14 M.R.S.A. § 752 (1980).

3. At the time of this action, 14 M.R.S.A. § 859 read, in its entirety:
 If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action.

4. The District later filed a new complaint against Fleming, identical to the previously dismissed complaint except for the addition of an allegation of fraudulent concealment. It too was dismissed.

5. 14 M.R.S.A. § 752-A (1980), the statute of limitations applicable to Pirnie, reads, in its entirety:

All civil actions for malpractice or professional negligence against architects or engineers duly licensed or registered under Title 32 shall be commenced within 4 years after such malpractice or negligence is discovered, but in no event shall any such action be commenced more than 10 years after the substantial completion of the construction contract or the substantial completion of the services provided, if a construction contract is not involved. The limitation periods provided by this section shall not apply if the parties have entered into a valid contract which by its terms provides for limitation periods other than those set forth in this section.

6. Fleming argues that 14 M.R.S.A. § 752-A is the correct statute of limitations. However, section 752-A only applies to "architects and engineers."

dertaken that would be destructive of the confidential relationship, a virtually undiscoverable tort. This case presents no such unique circumstances compelling us to depart from the general rule, and we decline to adopt a discovery rule under these circumstances.

## II. THE ACTION AGAINST PIRNIE

■ The District argues in its appeal that the trial justice erred in directing a verdict in favor of Pirnie because there was enough evidence presented at trial for the jury to infer fraudulent concealment of the District's cause of action by Pirnie.

We review the directed verdict of the District's case against Pirnie by considering the evidence and justifiable inferences therefrom in the light most favorable to the District. *Baker v. Mid Maine Medical Center,* 499 A.2d 464, 466 (Me.1985); *Poirier v. Hayes,* 466 A.2d 1261, 1263 (Me.1983).

By its failure to object to the pretrial order of the court,[7] the District was required to demonstrate Pirnie's fraudulent concealment of the District's cause of action as a prerequisite to its overcoming the statute of limitations bar and reaching the merits of its cause of action. The District contends that the mere fact that Pirnie provided the District with as-built plans after the completion of the project, showing the pipes to be several feet lower than they actually were, was sufficient evidence for the jury to have been permitted to infer fraudulent concealment.

"[F]raudulent concealment contemplated by section 859 is the failure to disclose specific acts which, if known, might give rise to a cause of action for malpractice." *Millett v. Dumais,* 365 A.2d 1038, 1041 (Me.1976). In order to prevail in a claim that a cause of action has been fraudulently concealed, a party such as the District must establish both a concealment and a fraudulent intent or design to prevent discovery of facts giving rise to [its] cause of action. Furthermore, [it] must

show that the defendant had actual knowledge of a fact before the defendant can be charged with an intent or design to conceal it from the plaintiff. *Alexander v. Gerald E. Morrissey, Inc.,* 137 Vt. 20, 399 A.2d 503, 506 (1979).

We decline to apply a lesser standard of fraud to an allegation of concealment of a cause of action, the result of which would be to overcome an otherwise applicable statute of limitations. Section 859 requires no less than the demonstration of the defendant's actual knowledge of the concealed fact and the fraudulent intent or design of preventing its discovery by the plaintiff. Because the District offered no evidence of Pirnie's actual knowledge of the fact alleged to have been concealed, there was no issue for the jury to consider, even if the evidence is viewed in the light most favorable to the District. Consequently, the directed verdict was appropriate.

We have carefully reviewed the other arguments offered by the District in support of its appeal and find them all to be without merit.

The entry is:

Judgment affirmed.

All concurring.

---

7. M.R.Civ.P. 16(c)(3) provides that the pretrial order controls the course of the case.