**Walter MATSON**

v.

**Ernest J. BABCOCK, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 28, 1989.

Decided Oct. 18, 1989.

Traver Clinton Smith, Bruce A. Hamilton (orally), Burns & Levinson, Boston, Mass., for plaintiff.

Ronald A. Ducharme (orally), Wheeler & Arey, P.A., Waterville, for Babcock.

Elizabeth A. Olivier (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

The Superior Court (Knox County, *Chandler, J.*) reported this case pursuant to M.R.Civ.P. 72(c) for review of interlocutory rulings that 1) a legal malpractice claim for failure to notify an insurer of a claim against the insured may be assigned and 2) the statute of limitations began to run on the date the insured discovered or should have discovered the malpractice. Because we hold that the statute of limitations began to run when the malpractice occurred, we direct dismissal of the legal malpractice claim without reaching the assignment issue.

In a prior action Walter Matson obtained a judgment against the Bruno & Stillman Yacht Co. for the defective design and manufacture of a fiberglass hull, but he was unable to collect the judgment. Bruno & Stillman assigned its claim against the insurer, American Employers Insurance Co. Matson lost that suit because Bruno & Stillman had failed to give timely notice to the insurance company. Bruno & Stillman then assigned to Matson a malpractice claim against its lawyers, Ernest Babcock and Neil Castaldo, for their alleged failure to notify the insurance company of Matson's claim.

The Superior Court denied the lawyers' motion for summary judgment for two reasons; 1) public policy and the nature of the attorney-client relationship do not preclude the assignment of legal malpractice claims and 2) the statute of limitations does not bar the action because the cause of action accrued not when the harm was sustained, but upon discovery of the harm.

The applicable statute of limitations runs for six years "after the cause of action accrues," 14 M.R.S.A. § 752 (1980).

(14 M.R.S.A. § 753–A (Supp.1988), enacted by P.L.1985, ch. 804 § 2, is not applicable to this case.) A cause of action ordinarily is deemed to accrue when the plaintiff sustains a legally cognizable injury. *See Bangor Water District v. Malcolm Pirnie Engineers*, 534 A.2d 1326, 1328 (Me.1988). Under this rule Matson's malpractice claim would be barred by the statute of limitations. Pursuant to the insurance contract, notification had to be given soon after February 1977, when Matson sued the insured. The malpractice, if there was any, must have occurred then, but the claim was not brought until September 1987.

In *Anderson v. Neal*, 428 A.2d 1189, 1190–91 (Me.1981), we created an exception to the general rule that a cause of action accrues when the injury occurs. We held that a title examination legal malpractice claim accrues when the plaintiff discovers or reasonably should have discovered the malpractice. *Id.* at 1192. We applied the "discovery rule" in that case because the client lacked the means to discover the malpractice and necessarily relied on the attorney's expertise in title examination. Likewise, in *Myrick v. James*, 444 A.2d 987 (Me.1982), a medical malpractice case, we applied the discovery rule because the patient must rely on the surgeon and had no reasonable independent means of discovering the malpractice within the time allowed by the statute of limitations.

■ In the present case the insured need not rely on its lawyer to inform the insurance company of the claim; it easily could have notified the insurer itself or called to find out whether its lawyer had done so. Because the insured was capable of discovering any malpractice there is no justification for applying the discovery rule in this case. *See Chiapetta v. Clark Assocs.*, 521 A.2d 697, 700 (Me.1987). Absent the discovery rule, the legal malpractice claim is barred by the statute of limitations.

The entry is:

Interlocutory order vacated. Remanded with direction to enter judgment on Count I for the defendants and to enter judgment on Count II for the defendants to the extent the plaintiff alleges legal malpractice.

All concurring.