**Alice L. DUGAN**

v.

**Gregory MARTEL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 28, 1991.

Decided April 3, 1991.

Ralph W. Brown, Portland, for appellant.

Robert W. Bower, Jr., Norman, Hanson & Detroy, Portland, for appellee.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Alice L. Dugan appeals from an adverse judgment entered in the Superior Court (Cumberland County, *Cole, J.*) on her complaint alleging negligence in the installation of insulation in her home. Dugan contends that the court erred in granting Gregory Martel's motion for summary judgment on the ground that her claim was barred by the applicable statute of limitations. She also contends that the court erred in granting Martel's motion to dismiss her subsequently amended complaint. Because we find no error, we affirm the judgment.

The material facts are undisputed. On September 10, 1981, the parties entered into a contract by which Martel, doing business as Portland Insulation, would install cellulose insulation in the exterior walls and attic of Dugan's home. On October 21, 1981, after the work was completed, Dugan gave Martel a check for the full contract price of $800. Within three days, she noticed cellulose dust accumulating on the floor and furniture. She also noticed cracks in the siding and nails protruding from the sides of the house.

It was not until November 20, 1987, however, that Dugan initiated this action against Martel. In her complaint, she alleged that Martel's negligent insulation job resulted in a continuous leaking of cellulose dust into her home as well as accelerated deterioration and rotting of the exterior walls due to his failure to plug the holes through which the insulation was installed. In his answer, Martel raised the affirmative defense of the statute of limitations. He later filed a motion for summary judgment on the ground that the applicable statute of limitations had run. The court granted Martel's motion on October 30, 1989.

Following the entry of summary judgment, Dugan successfully sought leave to amend her complaint to include allegations of waiver, estoppel, and fraudulent concealment in order to negate Martel's assertion of a statute of limitations defense. Martel moved for relief from that order pursuant to M.R.Civ.P. 60(b) and also to dismiss the amended complaint. The court granted both of Martel's motions.

## I.

On appeal, Dugan initially argues that the court erred in three respects in granting Martel's motion for summary judgment. First, she contends that Martel failed to sustain his burden of proving the affirmative defense of the statute of limitations by not establishing the beginning date of at least one type of damage that she alleged. Second, she contends that the

harm that she suffered was of a continuing nature and therefore not barred by the statute of limitations. Third, she contends that the court failed to take into account the estoppel and waiver issues raised in her memorandum and affidavits submitted in opposition to Martel's motion for summary judgment.

Dugan concedes that her negligence claim is subject to the limitation found in 14 M.R.S.A. § 752 (1980), which provides in pertinent part that "[a]ll civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards." In general, the accrual of a cause of action occurs at the time a judicially cognizable injury is sustained. *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me. 1987). Thus, a cause of action sounding in tort usually accrues at "the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication." *Williams v. Ford Motor Co.*, 342 A.2d 712, 714 (Me. 1975). We have recognized only two narrow exceptions to the general rule, applying a discovery rule in particular cases of medical malpractice, *see Myrick v. James*, 444 A.2d 987, 996 (Me.1982), and legal malpractice. *See Anderson v. Neal*, 428 A.2d 1189, 1192 (Me.1981). Otherwise, mere ignorance of a cause of action does not prevent the statute of limitations from running. *See Bozzuto v. Ouellette*, 408 A.2d 697, 699 (Me.1979).[1] It is clear, therefore, that Dugan's cause of action in negligence accrued in October of 1981 because it was then that she suffered a judicially cognizable injury as a result of the cellulose dust, cracked siding, and protruding nails.

■ Nevertheless, relying on our decision in *Sturgeon v. Marois Bros.*, 511 A.2d 1065 (Me.1986), Dugan contends that the fact that Martel performed his allegedly negligent work in October of 1981 does not protect him from her timely filed complaint for damage that occurred to the exterior walls of her home after November 21, 1981, or from ongoing dust-related harm

suffered between that date and November 20, 1987, the date on which she filed her complaint. Dugan's reliance on *Sturgeon*, however, is misplaced. In *Sturgeon*, we held that summary judgment was inappropriate because the critical date on which the period of limitation commenced had not been established beyond dispute. *Id.* at 1066. In this case, by contrast, it is clear that Dugan suffered a judicially cognizable injury in October of 1981 even though she may not have become aware of the scope of her injury until later.

■ Dugan next contends that the statute of limitations applies only to that portion of the ongoing harm that occurs before the statutory period and not to the ongoing harm that occurs within the statutory period. Her reliance for this proposition on *Curran v. Portland Superintending School Comm.*, 435 F.Supp. 1063 (D.Me.1977), is inapt. *Curran* was an employment discrimination action involving several counts charging violations of substantive and conspiratorial civil rights statutes. The federal district court held the limitations period contained in the Maine Human Rights Act inapplicable since the plaintiff had alleged a "pattern and practice" of discriminatory activity continuing to the date of her complaint. *Id.* at 1081. Here, on the other hand, the continuing leakage of cellulose dust allegedly was caused only by Martel's single negligent installation job in October of 1981, not by separate and discrete acts on his part occurring afterward.

■ Dugan also contends that the court erred in granting a summary judgment for Martel because it failed to give proper consideration to the issues of waiver and estoppel that she raised in her memorandum and affidavits submitted in opposition to Martel's motion. If its elements are present, estoppel may be applied to bar a defendant from successfully raising an otherwise valid statute of limitations defense. *Hanusek v. Southern Maine Medical Center*, 584 A.2d 634, 636 (Me.1990).

---

1. Of course, if a person liable on a personal action fraudulently conceals the cause of action from the person entitled to bring it, the period

prior to the discovery is excluded from the computation of time for the running of the statute of limitations. 14 M.R.S.A. § 859 (Supp.1990).

The gist of an estoppel barring the defendant from invoking the defense of the statute of limitations is that the defendant has conducted himself in a manner which *actually induces the plaintiff not to take timely legal action* on a claim. The plaintiff thus relies to his detriment on the conduct of the defendant, by failing to seek legal redress while the doors to the courthouse remain open to him.

*Townsend v. Appel*, 446 A.2d 1132, 1134 (Me.1982) (emphasis added). Contrary to Dugan's contention, however, there is no competent evidence in the record to suggest that any conduct on the part of Martel, or his insurance agent, actually induced her to delay bringing suit.

 Accordingly, the court did not err in granting Martel's motion for summary judgment on the ground that the applicable statute of limitations had run.[2] Dugan has not set forth by affidavit, deposition, or other sworn evidence any "specific facts showing that there is a genuine issue for trial," M.R.Civ.P. 56(e), as to Martel's statute of limitations defense.

## II.

 Dugan finally argues that the court erred in granting Martel's motions for relief from its order granting her leave to amend her complaint and for dismissal of the amended complaint.

 A motion for relief from a court order pursuant to M.R.Civ.P. 60(b) is committed to the sound discretion of the court, and we will not review the trial court's decision absent a clear showing of an abuse of discretion. *Willette v. Umhoeffer*, 245 A.2d 540, 542 (Me.1968). A summary judgment is an adjudication on the merits. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.1 at 35 (2d ed. 1970). Before a plaintiff can amend his complaint following a disposition of the case on the merits,

he needs relief from the judgment. *North East Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 433 A.2d 715, 718 (Me.1981). Because Dugan failed to seek relief from the summary judgment entered in favor of Martel before she sought leave to amend her complaint, we cannot say that the court abused its discretion in vacating its earlier order granting her that leave.

 Nor did the court err in dismissing Dugan's amended complaint. Where the court has rendered judgment on a motion to dismiss pursuant to M.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, leave to amend is ordinarily given freely. *See Cohen v. Maine School Admin. Dist. No. 71*, 369 A.2d 624 (Me.1977); *Begin v. Bernard*, 160 Me. 233, 202 A.2d 547 (1964). "Where, however, summary judgment has been entered, a court is ordinarily reluctant to permit the plaintiff to amend his complaint to assert a different cause of action." *Nadeau v. State*, 395 A.2d 107, 117–18 (Me. 1978). This is particularly true where, as here, no valid reason was shown for the plaintiff's failure to present the new theory prior to action on the defendant's motion for summary judgment. *See* 2 Field, McKusick & Wroth, *supra*.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** The court also found that even if Dugan's complaint could be construed to state a claim for a breach of contract, the time in which she was required to bring suit also expired in October of 1987 by the terms of 14 M.R.S.A. § 752. A cause of action in contract accrues at the time of the breach. *Burke v. Hamilton Beach Div., Scovill Mfg. Co.*, 424 A.2d 145, 149 (Me.1981). It was in October of 1981 that her cause of action in contract accrued if in fact the cellulose insulation was improperly installed.