STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. CV-99-9

REC-CUM - 1/26/2000

SUSAN M. MONTGOMERY,                          )
    Individually and as mother and            )
    next friend of Stephen J. Montgomery,     )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )
                                              )
                                              )            ORDER ON MOTION
TED W. ROGERS,                                )            FOR SUMMARY
                                              )            JUDGMENT
        Defendant/Cross-Claim Plaintiff,      )
                                              )
        and                                   )
                                              )
QUAKER RIDGE CONDOMINIUMS,                    )
                                              )
        Defendant and Third-Party             )
        Plaintiff,                            )
                                              )
v.                                            )
                                              )
                                              )
SBS INVESTMENT GROUP, INC.,                   )
GARY SYMONDS, REGINALD BUTTS                  )
AND M.G. SYMONDS & SONS, INC.,                )
                                              )
        Third-Party Defendants, Cross-        )
        Claim Defendants and Defendants       )

## DECISION AND ORDER

### I.    FACTUAL & PROCEDURAL BACKGROUND

In 1984, SBS Investment Group, Inc. ("SBS") constructed nine units making
up the Quaker Ridge Condominium complex. Third Party Defendants' ("TPD")
Statement of Material Facts ("SMF") ¶1. Defendants Gary Symonds ("Symonds")
and Reginald Butts ("Butts") are partners in SBS. Id. SBS hired M.G. Symonds &

Sons to build the units.

The condominium unit in which Plaintiff lives ("Plaintiff's unit") was designed in 1984 and its construction was completed in late 1985 or early 1986. In December of 1985, the Quaker Ridge Condominium Association ("QR") was created under the Maine Condominium Act. TPP SMF ¶1, Rogers' SMF ¶4; TPD SMF ¶4 as amended by Rielly letter dated December 16, 1999. After construction, SBS sold Plaintiff's unit to Ted Rogers in March of 1986. TPD SMF ¶3. In 1993, Plaintiff began leasing the unit from Rogers.

On August 30, 1994, Plaintiff's son was allegedly injured by falling through a railing on the deck of their unit. On January 7, 1999, Plaintiff filed a complaint against Defendant Rogers and QR for negligent design, construction and maintenance of the defective railing. See Complaint, ¶¶6-7. QR brought a third-party complaint against SBS, Symonds, Butts & M.G. Symonds, seeking indemnification and/or contribution. Rogers brought a cross-claim against them for indemnification and/or contribution. Plaintiff followed suit and brought a new complaint (dated September 8, 1999) against TPDs, alleging "negligent design, construction, sale and maintenance" of the railing. See Complaint, ¶13.

Defendants SBS, Symonds, M.G. Symonds and Reginald Butts moved for summary judgment on all claims against them: Plaintiff's direct claims, QR's claims for indemnification and/or contribution and Rogers's claims for indemnification and/or contribution.

## DISCUSSION

2

## I.     Direct Claims

Maine's statute of limitation for civil actions is normally six years after the accrual of a cause of action. See 14 M.R.S.A. 752. A cause of action accrues when "a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication." See Williams v. Ford Motor Co., 342 A.2d 712, 714 (Me. 1975) (rejecting the argument that the cause of action accrued at the time the automobile was built and holding that the cause of action did not accrue until Plaintiff was injured by the vehicle's defective rear axle). Plaintiff's claims accrued when her son was injured. See Dugan v. Martel, 588 A.2d 744, 746 (Me. 1991) (plaintiffs' claims accrued when injury first occurred). Here, Plaintiff had no redressable *injury* whatsoever until her son fell. This is not a case where the plaintiff attempts to benefit from a delayed accrual of a cause of action by turning a blind eye to an apparent injury. Cf. Bozzutto v. Ouellette, 408 A.2d 697, 699 (Me. 1979), cited in Dugan, 588 A.2d at 746. Accordingly, Plaintiff's direct claims against TPDs for negligent construction and design against Third Party Defendants survive.

Plaintiff also claimed that TPDs negligently maintained and sold the unit[1]. These claims do not survive. Assuming Plaintiff properly pled an allegation of

---

[1] Plaintiff alleges that TPDs "developed and participated in the construction of" the property that is now QR, that the cause of the child's fall was the "dangerous and unlawful condition on the deck and stairway." See Plaintiff's Complaint against TPDs, ¶8, 12. Paragraph 13 alleges, in its entirety, "[t]he condition causing Stephen J. Montgomery's fall, as above alleged, was due to the negligence, carelessness, recklessness, and breach of warranty of SBS Investment Group, Gary Symonds, Reginald Butts and M.G. Symonds & Sons, Inc., in the design, construction, sale and maintenance of the defective, dangerous and unlawful premises referred to herein."

Apart from mentioning it in her complaint, Plaintiff has not pursued a "breach of warranty" claim. See TPD Brief at 4, n.3; PSMF ¶3. Plaintiff alleges no factual basis in her complaint giving rise to a breach of warranty claim.

3

negligent sale, the claim would have accrued when Rogers bought the property from SBS, in March 1986. TPD SMF ¶3. Plaintiff did not file her complaint against TPDs until August 25, 1999.

Similarly, the negligent maintenance claim would have accrued, at the latest, when TPDs last had a duty to maintain the premises. TPDs assert in their Statement of Material Facts that when QR was created, it relieved TPDs of any obligation to maintain the premises. TPD SMF ¶¶4, 13. Neither Plaintiff nor QR contest this assertion in their Statements of Material Facts. As such, TPDs assertion is deemed admitted. See M.R. Civ. P. 7(d)(2). Defendant Rogers does contest TPDs lack of control, but cites nothing in the record to support his contention. Rogers Statement of Material Facts in Dispute ¶¶9, 13. Accordingly, Rogers will be deemed to have admitted TPD's assertion of a lack of control over the premises. See M.R. Civ. P. 7(d)(2). Because Plaintiff, Rogers and QR failed to establish a genuine issue regarding TPDs' duty to maintain, their direct and indemnification and contribution claims against TPDs for negligent maintenance of the premises do not survive summary judgment. See Kezer v. Mark Stimson Assocs., 1999 ME 184, ¶12,---A.2d--- (there is no negligence without a duty).

## II.    Indemnification and Contribution

Claims for indemnification and contribution do not accrue for statute of limitations purposes until a judgment has been paid by the third party plaintiff. See St. Paul Ins. v. Michaud, 676 A.2d 510, 511 (Me. 1996); quoting Cyr v. Michaud, 454 A.2d 1376, 1385 (Me. 1983). Therefore, a contribution or indemnification claim by a

4

third-party plaintiff can be timely even if the statute of limitations for a claim by the original plaintiff against that defendant has run. Id.

Third Party Defendants argue that 14 M.R.S.A. §752-A applies to bar claims against them. Section 752-A protects architects and engineers by providing for a statute of repose, whereby all claims against architects and engineers must be brought within 10 years. See 14 M.R.S.A. 752-A. TPDs do not claim that they are engineers or architects, who would benefit from the statute of repose for design professionals. See TPD Reply Brief at 3, n.3. TPDs allege that they are contractors and that the protections afforded by section 752-A should be extended to contractors. However, the Law Court has refused explicitly to do so. See Bangor Water Dist. v. Malcolm Pirnie Engineers, 534 A.2d 1326, 1329 n.6 (Me. 1988). For the foregoing reasons[2], Rogers's and QR's claims for indemnification against TPDs are not time

_____

2 TPDs claim that they lack a "common obligation" with Rogers or QR, which they argue prevents Rogers or QR from succeeding with a contribution or indemnification claim against them. To support this assertion, they rely on Daigle Commercial Group, Inc. v. St. Laurent, 1999 ME 107, ¶¶26-27, 734 A.2d 667, 675-76. Daigle, a real estate broker (X) sued a seller for brokerage fees. The seller brought a contribution claim against another broker (Y), who the seller eventually used for the sale and to whom he paid brokerage fees. The Law Court upheld the trial court's summary judgment for the third party defendant on the contribution claim, since Y did not contribute to X's failure to receive brokerage fees. Id. Therefore, there was no common obligation. The Law Court stated that where a "common obligation" is assumed, "those parties must share equally that obligation and burden." Id. This statement, taken in context, means that common obligations give rise to potential contribution claims. It does not mean that a "common obligation" is a prerequisite to a contribution claim.

The law in Maine regarding contribution or indemnity is laid out in Thermos Co. v. Spence, 1999 ME 129, ¶¶12-13, 735 A.2d 484, 487. For a third party defendant to be liable in contribution, that defendant's acts must have contributed to the plaintiff's injury. Id. Contrary to TPDs' argument, the contributing defendant need not have assumed the same duty as contribution-seeking defendants. See Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393-94 (1st Cir. 1999) (contribution claim survives where joint tortfeasors' combined acts create the same injury) citing Wolfe v. Ford Motor Co., 386 Mass. 95, 100, 434 N.E.2d 1008 (1982) (allowing contribution where two joint tortfeasors were liable under different theories of tort liability). Since the facts as alleged in the complaint give rise to at least a cognizable claim of liability by TPDs, the contribution claims cannot be dismissed for failure to state a claim.

5

barred.

The entry is

Third Party Defendants' Motion for Summary Judgment as to Plaintiff's claims for negligent maintenance and sale is GRANTED. Third Party Defendants' Motion for Summary Judgment as to Plaintiff's claims for negligent design and construction is DENIED. Third Party Defendants' Motion for Summary Judgment as to Third Party Plaintiff's claims for indemnification and contribution is DENIED. Third Party Defendants' Motion for Summary Judgment as to Rogers's cross-claim for indemnification or contribution is DENIED.

Dated:  January 24, 2000

Robert E. Crowley
Justice, Superior Court

6

Date Filed __1-8-99__ Cumberland Docket No. __CV99-9__
County

Action __PERSONAL INJURY__

SUSAN M. MONTGOMERY, IND. AND AS
MOTHER AND NEXT FRIEND OF STEPHEN
J. MONTGOMERY

DONALD L. GARBRECHT
LAW LIBRARY

FEB 7 2000

vs.

TED ROGERS
QUAKER RIDGE ROAD CONDOMINIUMS

vs

SBS Investment Group,
Gary Symonds, Reginal Butts and
M.G. Symonds, Inc.,

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Robert Furbish, Esq. 774-3199<br>100 Commercial Street, Ste. 302-308<br>Portland, Maine 04101 | Thomas Mundhenk, Esq. 772-2696<br>707 Sable Oaks Drive (ROGERS)<br>So. Portland, Maine 04106<br><br>MARK B. KENNYESQ 773-7352 (Quaker)<br>PO BOX 7109, PM 04112<br><br>BRENDAN RIELLY, ESQ. 775-7271<br>KENNETH COLE, ESQ.,      (SBS INVESTMENT)<br>PO BOX 4510      (GarySymonds, Regir<br>PORTLAND MAINE   04112  Butts, M.G. Symond |

| Date of Entry | |
|---|---|
| **1999**<br>Jan. 11<br><br>" " | Received 1-8-99.<br>Complaint Summary Sheet filed.<br>Complaint filed. |
| Mar. 8 | Received 3-5-99.<br>Notice of appearance of Thomas Mundhenk Esq. on behalf of Ted Rogers filed. |
| Mar. 12<br><br>"    " | Received 03-10-99:<br>Defendant Quaker Ridge Condominiums' Answer and Cross-claim filed.<br>Defendant Quaker Ridge Condominiums' Cross-Claim Summary Sheet filed. |
| Mar. 15<br><br>" " | Received 3-12-99.<br>Defendant, Rogers, Answer to Plaintiff's Complaint with crossclaim filed.<br>Crossclaim summary sheet filed. |
| March 18 | Received 03/18/99:<br>Defendant Rogers' Answer to Defendant Quaker Ridge Condominiums' Crossclaim filed. |
| Mar. 25<br><br>"    " | Received 03-25-99:<br>Plaintiff's Case File Notice and Pretrial Scheduling Statement filed.<br>Jury Fee $300.00 PAID. |
| Apr. 7<br><br><br><br><br><br><br><br>"    " | Received 4.2.99:<br>Defendant Quaker Ridge Condominium's Notification of Discovery Service filed.<br>Defendant Quaker Ridge Condominiums Interrogatories Propounded to Cross-Claim Plaintiff Ted Rogers.<br>Defendant Quaker Ridge Condominiums's Request for Production of Documents Propounded to the Cross-Claim Plaintiff Ted Rogers served on Thomas Mundhenk, Esq., on 3.31.99.<br>Defendant Quaker Ridge Condominiums Interrogatories Propounded to Plaintiff.<br>Defendant Request for Production of Documents Propounded to the Plaintiff served on Robert Furbish, Esq., on 3.25.99. |