STATE OF MAINE
CUMBERLAND, SS

SUPERIOR COURT
DOCKET NO. CV-05-313

VERIZON NEW ENGLAND, INC.,

Plaintiff

v.

FLEET ELECTRICAL SERVICES,
INC.

Defendant

ORDER ON
DEFENDANT'S MOTION
FOR SUMMARY
JUDGMENT

This case comes before the Court on defendant Fleet Electrical Services,

Inc.'s ("Defendant") Motion for Summary Judgment on plaintiff Verizon New

England, Inc.'s ("Plaintiff") complaint.

## BACKGROUND

In February, 1994, Defendant upfitted a utility truck belonging to

Verizon's predecessor-in-interest, New England Telephone, with a Utilimaster

custom cube body, which included installation of a generator and a Masterack

Powermaker power distribution unit. On March 12, 2001, a fire broke out in

Plaintiff's commercial premises in Kennebunk, Maine. According to the

Complaint, the origin of the fire was the utility truck that had been upfitted by

Defendant in 1994. Specifically, the cause of the fire was determined by

Plaintiff's experts to be a set of exposed wires on the underside of the truck, for

which Defendant had failed to install a circuit breaker, apparently in violation of

the National Electric Code ("NEC").

Plaintiff's complaint, which was filed on October 22, 2004, alleges Negligence, Breach of Contract, and Gross Negligence in Defendant's upfitting of the utility truck. In support of its motion for summary judgment, Defendant claims that the statute of limitations on these claims has run.

## DISCUSSION

In Maine, the statute of limitations on a tort generally begins to run upon the date of the wrongful act producing the injury complained of. *Bangor Water Dist. v. Malcolm Pirnie Engineers et al.*, 534 A.2d 1326, 1328 (Me. 1988). A contract cause of action accrues at the time of breach. *Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 11, 750 A.2d 591, 595. In this case, the alleged wrongful act / breach occurred in February, 1994. This action was brought more than 10 years after the wrongful act/breach, well after expiration of the six-year statute of limitations on civil actions. *See* 14 M.R.S.A. § 752.

Plaintiff contends, however, that the discovery rule exception, which tolls accrual of an action to the date of the plaintiff's discovery of the wrongful action, should apply in this case. Maine applies the discovery only in circumstances where there is both (1) a fiduciary relationship between plaintiff and defendant and (2) the tort is virtually undiscoverable by the plaintiff, in the absence of an independent investigation that would be destructive of the fiduciary relationship. *Pirnie*, 534 A.2d at 1328. Plaintiff contends that it had a fiduciary relationship with Defendant, as it relied on Defendant's expertise in upfitting its trucks pursuant to industry standards, and that it could not have discovered the defects in Defendant's upfitting prior to the fire.

2

Whether or not a fiduciary relationship exists is a question of fact, wherein the salient elements are (1) the actual placing of trust or confidence by one party in another and (2) a great disparity of position and influence between the parties at issue. *Stewart v. Machias Savings Bank*, 2000 ME 207, ¶ 10; 762 A.2d 44, 46. To demonstrate the necessary disparity of position and influence, a party must demonstrate diminished emotional or physical capacity or. . . the letting down of all guards and bars. *Id.* at ¶ 11. Although Plaintiff claims that it placed trust in Defendant, it has nowhere alleged a great disparity of position and influence between the parties, or a letting down of all guards and bars. Accordingly, Plaintiff has failed to raise a material issue of fact concerning the existence of a fiduciary relationship between the parties, and the discovery rule is not applicable.

Moreover, if the court were to accept Plaintiff's argument, this "narrow" exception would encompass every situation in which someone with "expertise" was hired to perform a service. Such an outcome is contrary to the Law Court's decisions on this subject. *See Dunelawn Owners' Ass'n v. Gendreau*, 2000 ME 94, ¶ 14 (denying application of the discovery rule to plaintiff purchasers of a condominium unit against defendant condominium builders); *Pirnie*, 534 A.2d at 1328 (denying application of the discovery rule to plaintiff water district against defendant water pipe construction company). Both building contractors and water pipe contractors, like Defendant in this case, are experts in their particular areas, and the plaintiffs in *Dunelawn* and *Pirnie* relied on them to perform their services to certain standards, which they may very well not have done. This did not prevent application of the general rule that the injury accrued at the time the

3

defendants' alleged faulty services were rendered, and not upon discovery of the faulty construction.

Plaintiff also argues that, if it is able to establish through discovery that Defendant fraudulently concealed its failure to install a circuit breaker when it upfitted the utility truck, then, under 14 M.R.S.A. § 859, the statute of limitations would be tolled until discovery of the fraud. Plaintiff, however, has not pled fraud, much less with the particularity of facts required to sustain a motion to dismiss. *See* M.R.Civ.P. 9(b). Such an allegation is required prior to application of § 859. *See Pirnie*, 534 A.2d at 1329.

**The entry is:**

Defendant's motion for summary judgment is GRANTED.

Dated: June ___ 2 ___, 2006

Roland A. Cole
Justice, Superior Court

COURTS
ıd County
ıx 287
ə 04112-0287

GERARD FOURNIER ESQ
PO BOX 7109
PORTLAND ME 04112



ꟻ COURTS
nd County
ox 287
ıe 04112-0287

JOHN WHITMAN ESQ
PO BOX 9545
PORTLAND ME 04112