STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                      DOCKET NO: CV-05-355


NORMAN C. GILE and
ANNE B. GILE,

            Plaintiffs

      v.                                            **ORDER**

KENNETH ALBERT, D/B/A
ALBERT CONSTRUCTION,

            Defendant


      This case comes before the Court on Defendant Kenneth Albert d/b/a Albert

Construction's motion for summary judgment on all counts of Plaintiffs Norman and

Anne Gile's complaint.[1]  After hearing, the motion is Granted.

## FACTS

      On or about March 18, 1998, Norman and Anne Gile (the "Giles") contracted

with Defendant, Albert Construction  ("Albert"), to build an addition at their Eliot,

Maine residence. The contract provided no start or completion date.   Building

commenced in early May of 1998.  Shortly thereafter, the Giles experienced difficulty in

financing the project.  Consequently, Albert stopped work until satisfied that payment

schedules would be met.

      A series of informal discussions between the parties occurred during the

following weeks and culminated with Albert promising to finish the job. The Giles were

under the impression that construction would resume in the late summer of 1998.  In

---

[1]      The motion originally came before the Court on a motion to dismiss.  However, both parties
agreed to transform the motion into one for summary judgment because matters outside of the pleadings
were presented to the Court. See M.R. Civ. P. 12(b)(6).

late May or early June of 1998, the Giles were informed by a third party that Albert had no intention of finishing the addition. On August 29, 1998, Albert confirmed that it would do no further work at the Gile site. The Giles engaged attorney Gary Reiner to facilitate a settlement.

On May 21, 1999, attorney Reiner, on behalf of his clients, drafted and sent a letter to Albert, alleging that Albert's Construction promised to complete the project and that by failing to do so, had breached the contract. Additionally, the letter claimed that the Giles had not received proper accounting for the work performed. Attorney Reiner stated that no legal action would be pursued if the Giles were provided with the requested accounting, but failure to comply would result in a lawsuit. In a letter dated November 23, 1999 and received three days later, Albert made his first and only attempt to provide the requested accounting to the Giles. Attorney Reiner acted as a conduit, as the information was passed through him to the Giles. The Giles allege that the proffered accounting is incomplete and fraudulent.

The Giles filed a complaint on November 23, 2005 alleging breach of contract and Unfair Trade Practices.

## DISCUSSION

The only issue in dispute is the date on which the cause of action accrued, thus commencing the six-year statute of limitations time period. The Giles assert that no judicially cognizable injury was sustained prior to obtaining conclusive evidence that Albert could, or would, not account properly for the material and labor payment. The Giles claim that Reiner's letter dated November 23, 1999, indicating that no more invoices would be forthcoming, marks the occasion. In support of his motion, Albert argues that by May 21, 1999, the Giles were aware of their claims for breach of contract

and unfair trade practices. Consequently, Albert asserts that the cause of action accrued on that date.

In Maine a cause of action is commenced by filing the complaint with the Court or by serving the defendant. M.R. Civ.P. 3. Maine law mandates that a cause of action for breach of contract be commenced within six years of the date of accrual. 14 M.R.S.A 752. An action accrues when a "judicially cognizable injury is sustained." *Dugal v. Martel*, 588 A.2d 744, 746 (Me. 1991). In tort, a "judicially cognizable injury is sustained" when the tortfeasor's "wrongful act produces an injury for which a plaintiff is entitled to seek judicial vindication." *Id.* Under contract law, a cause of action accrues when the aggrieved party learns the binding obligation has been breached. *Jackson v. Borkowski*, 627 A.2d 1010, 1014 (Me. 1993).

In reviewing a motion for summary judgment, the Court considers the evidence in the light most favorable to the non-moving party to ascertain whether the record discloses a genuine dispute concerning a material fact. *Parish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. Granting summary judgment is permissible when the resolution of the dispute depends solely on questions of law. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me. 1985). Generally, a determination on a statute of limitations issue is made either on a motion to dismiss or for summary judgment. *Townsend v. Chute Chem. Co.*, 1997 ME 46, ¶ 9, 691 A.2d 199, 202. However, occasionally, the existence of a genuine issue of material fact as to the date of injury will preclude such rulings. *Id.*

In the present case, the only issue is when the Giles were aware of a judicially cognizable injury. The Court finds that the May 21, 1999 letter, from attorney Reiner to Albert, demonstrates unequivocally that the Giles were aware of the alleged breach of contract and their right to pursue the dispute in a court of law. Most notably, attorney Reiner threatened Albert with a lawsuit if the project's invoices were not made

3

available, saying "[[t]he Plaintiffs] contend that you have failed to perform your contractual obligation for which they are entitled to seek damages amounting to the differences between what you contracted to do and what it will cost to have the work completed." A plain reading of the letter establishes that as of May 21, 1999, the Giles were aware of their right to seek "judicial vindication." As a result, their cause of action accrued at that time if not before. *See Dugal*, 588 A.2d at 746.

Accordingly, the commencement of the cause of action, on November 23, 2005, is more than six years after the accrual date, and thus barred by Albert's statute of limitations defense.

The entry is:

Defendant Kenneth Albert d/b/a Albert Construction's motion for summary judgment is Granted. Plaintiffs failed to commence their cause of action within the statutorily mandated period.

DATE: 7/7/06

G. Arthur Brennan
Justice, Superior Court

Norman C. Gile – Pro se – PL
Anne B. Gile – Pro se – PL
Patrick S. Bedard, Esq. – DEFS

4