1997 ME 46

Ann **TOWNSEND**

v.

**CHUTE CHEMICAL COMPANY.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1997.
Decided March 14, 1997.

---

Arthur J. Greif (orally), Lowry & Associates, Bangor, for plaintiff.

Jon A. Haddow (orally), Farrell, Rosenblatt & Russell, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Ann Townsend appeals from a judgment entered in the Superior Court (Penobscot County, *Delahanty, J.*) vacating a jury verdict in her favor in a failure to warn products liability action against Chute Chemical Company. Townsend contends that the court erred in granting Chute's motion for judgment as a matter of law pursuant to M.R.Civ.P. 50(b). We agree, and accordingly we vacate the court's judgment as a matter of law in favor of Chute and reinstate the judgment in Townsend's favor.

[¶ 2] Townsend began working as a certified nurse's assistant at the Bangor Mental Health Institute in September 1985. In this capacity, she performed several jobs including washing the personal clothing of Alzheimer patients. In performing this task, she daily used Chute's product, "Low Suds Detergent." Townsend did not wear gloves to handle the detergent and, on May 13, 1986, she sought treatment for severe rash on her hands and face at St. Joseph's Hospital in Bangor.

[¶ 3] On April 29, 1992, Townsend filed suit against Chute alleging, *inter alia*, that Chute had failed to warn of the dangers associated with the use of the detergent. Chute moved for a summary judgment based on a statute of limitations defense, and the court (*Mead, J.*) subsequently denied the motion. The court concluded that an issue of material fact remained as to whether Townsend's alleged exposure occurred within the statute of limitations period. Chute again moved for a summary judgment at the beginning of trial, and the motion was taken under advisement and subsequently denied by the court.

[¶ 4] At the trial, the evidence was conflicting as to the earliest date that Townsend suffered an injury related to her use of Chute's product. Townsend testified that sometime in March or April of 1986 she noticed some burning on her hands but that it was only a couple of days before the rash appeared. When counsel asked her if anything happened to her hands before she "really broke out," Townsend answered "No, not at all." She then testified that on May 13, 1986, she woke up, "felt pain, itching, and I got up and looked in the mirror and there wasn't any flesh on my face and my hands." On cross-examination, Chute brought out that Townsend stated in her deposition that she suffered itching and burning two to three months, not two to three days, before the severe rash that prompted her to seek medical treatment.

[¶ 5] At the close of the trial and after denying Chute's motions for a judgment as a matter of law at the close of the plaintiff's case and again at the close of the evidence, the court drafted a jury verdict form as well as two advisory interrogatories. The interrogatories concerned whether Townsend was aware, prior to April 29, 1986, that she had a skin injury and whether it was related to the use of cleaning products at work.[1] The jury subsequently returned a verdict for Townsend in the amount of $275,000.00, and answered both of the jury interrogatories in the negative.

[¶ 6] Following the entry of the judgment after the verdict, Chute renewed its motion for a judgment as a matter of law. On February 24, 1995, the court granted the motion on the ground that the action was

---

1. The interrogatories read as follows:

7. Did Ann Townsend know, prior to April 29, 1986, or by the exercise of reasonable care and diligence should have known, that she was affected by a skin injury?

8. Did Ann Townsend know, prior to April 28, 1986, or by the exercise of reasonable care and diligence should have known, that her condition (skin injury) was related to cleaning products at work?

The court submitted the questions in the event that it later decided to apply a discovery rule. Although neither of these interrogatories request that the jury decide when in fact the injury first occurred, neither party requested that such an interrogatory be submitted to the jury.

barred by statute of limitations. The court concluded that Townsend had a cognizable claim prior to April 29, 1986, when "her hands first began itching and burning." The court found significant her report to medical personnel that she had suffered itching and burning for two to three months before her visit. Additionally, the court refused to apply either a continuous tort rule or a discovery rule to Townsend's cause of action.[2] Townsend subsequently filed this appeal.

[¶ 7] Townsend argues that the statute of limitations did not begin to run on her claim until a couple days before she went to the hospital on May 13, 1986, when she noticed that she had some itching and burning. Moreover, she contends that the court misapplied the standard governing disposition of a motion for a judgment as a matter of law and that it usurped the jury's role by making a credibility determination, based on conflicting testimony, to support its ruling.

[¶ 8] Rule 50(a) states that the court may grant a judgment as a matter of law "if the court determines that, viewing the evidence and all reasonable inferences therefrom most favorably to the party opposing the motion, a jury could not reasonably find for that party on an issue that under the substantive law is an essential element of the claim." M.R.Civ.P. 50(a), (b). Chute had the burden of establishing that the verdict was clearly and manifestly wrong. *Spickler v. Key Bank of Southern Maine,* 618 A.2d 204, 208 (Me.1992) (citations omitted). On appeal, we review the jury's verdict to "determine if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury verdict." *Bates v. Anderson,* 614 A.2d 551, 552 (Me.1992); *Ames v. Dipietro–Kay Corp.,* 617 A.2d 559, 561 (Me.1992).

[¶ 9] We agree with Townsend's contentions that the undisputed facts before the court did not entitle Chute to a judgment

as a matter of law on the statute of limitations defense. The statute of limitations defense is an affirmative one. M.R.Civ.P. 8(c).[3] If a genuine issue of material fact as to the date of injury exists, that issue is one of fact and is left for the factfinder's consideration and determination. In that situation, the defendant who has pleaded the affirmative defense retains the burden at trial to produce sufficient evidence for the factfinder to rule on the defense. Thus, to prevail, Chute had to establish to the satisfaction of a jury the existence earlier rash or burning and its causal relationship to its product to support its statute of limitations defense. *See Sturgeon v. Marois Brothers, Inc.,* 511 A.2d 1065, 1066 (Me.1986).

[¶ 10] The court erred by granting a motion for a judgment as a matter of law for Chute based on disputed evidence in the record regarding the first date that Townsend was injured by Chute's product. Had the jury been presented with this issue of when the injury occurred, either conclusion could have been supported depending on the jury's view of the witness's credibility. On a motion for a judgment as a matter of law, however, the court lacks the authority to make these credibility determinations. *C.N. Brown Co. v. Gillen,* 569 A.2d 1206, 1210 (Me.1990). Because the court had to view the evidence in the light most favorable to Townsend, the court was required, for purposes of the motion, to accept Townsend's testimony that she did not suffer from a rash before May of 1986, even though contrary evidence existed in the record. Although the jury would have been entitled to make a credibility determination as to the weight to give the evidence, this credibility determination could not be made by the court on a motion for a judgment as a matter of law. Accordingly, the court erred when it granted Chute's motion.

[¶ 11] A reinstatement of the judgment in Townsend's favor is appropriate

---

2. Although the parties have briefed and argued these issues before the Court, we decline to address the appropriateness of either exception to the general period of limitations for civil actions because we are vacating on another ground.

3. Although a determination on a statute of limitations issue usually is made either on a motion to dismiss or a summary judgment, the existence of a genuine issue of material fact as to the date of injury occasionally will preclude such rulings. *Cf. Patten v. Milam,* 468 A.2d 620, 622 (Me.1983) (statute of limitations issue left for trial).

in this case because Chute failed to preserve its right to have the jury consider the issue by not requesting a jury instruction or interrogatory. *See Aucella v. Town of Winslow,* 628 A.2d 120, 124 (Me.1993) (party failed to preserve issue of whether trial court should have given jury instruction when party did not request specific instruction); M.R.Civ.P. 51(b); M.R.Civ.P. 49. We previously have stated that a party is bound on appeal by its strategy at trial. *Aucella v. Town of Winslow,* 628 A.2d at 123. The evidence at trial was in dispute as to when Townsend began to suffer a cognizable injury. Chute could have requested a jury interrogatory or instruction related to when, in fact, Townsend first suffered an injury caused by the use of its product. Although the requisite quantum of evidence introduced at trial might have existed for the jury to decide, as a matter of fact, that her cause of action accrued outside the statute of limitations period, Chute did not preserve the jury's consideration of the issue because it failed to make any such request.[4]

[¶ 12] Finally, Townsend argues that she is entitled to post-judgment interest from the date of the original judgment entered following the favorable jury verdict. We disagree. Pursuant to 14 M.R.S.A. § 1602–A (Supp.1996), post-judgment interest is available "[f]rom and after the date of entry on an order of judgment, including the period of the pendency of an appeal...." We have concluded that post-judgment interest will not be allowed from the date of an original judgment when it is later vacated by the trial court on a directed verdict, now a judgment as a matter of law, but subsequently reinstated on appeal. *See Rand v. B.G. Pride Realty,* 360 A.2d 519, 524–25 (Me.1976) (judgment does not become final thereby entitling a party to post-judgment interest until disposition of motion for directed verdict or running of time in which to file motion).

Townsend argues that this produces the anomaly that she would be entitled to post-judgment interest if Chute immediately filed an appeal but not if she appealed from Chute's successful motion for a judgment as a matter of law. This result, however, is not anomalous because in the latter case, the trial court vacated the previously entered judgment for the plaintiff. Townsend has offered no compelling reasons to overrule *Rand,* which originated in identical circumstances, and we decline to do so in this case.[5] *See Myrick v. James,* 444 A.2d 987, 997–98 (Me.1982) (citations omitted) (discussing adherence to precedent and proper instances of departure from it).

The entry is:

Judgment vacated, with instructions on remand to enter a judgment for the plaintiff.

---

4. In the alternative, Chute contends that it is entitled to judgment as a matter of law on either the government contract defense or a sophisticated user defense. After reviewing the parties' contentions, we decline to address these issues.

5. The language "including the pendency of an appeal" was added in 1977. P.L.1977 c. 147. The original statement of fact states that the added language "clarifies that the higher rate of interest applies during the appeal period which was left in doubt by a recent interpretation of this statute by the Law Court. (See *Ginn v. Penobscot Co.,* 342 A.2d 270 and *Rand v. B.G. Pride Realty....*). L.D. 699, Statement of Fact (108th Legis.1977). The amendment did not purport to overrule *Rand.*