STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-06-031

NORMAN C. GILE and
ANNE B. GILE,

            Plaintiffs

**ORDER**

v.

GARY H. REINER and
REINER & BOUFFARD, A MAINE
PARTNERSHIP,

            Defendants

This case comes before the Court on Defendants Gary H. Reiner and Reiner and Bouffard's motion for summary judgment on all counts of Plaintiffs Norman and Anne Gile's complaint for the failure to commence the cause of action within the statutorily mandated period.[1] After hearing, the motion is Granted.

## FACTS

On or about February 12, 1999, Norman and Anne Gile (the "Giles") contacted Gary Reiner and the partnership of Reiner & Bouffard (the "partnership"), of Kittery, Maine, for legal advice. The Giles sought to pursue legal action against Kenneth Albert d/b/a Albert Construction ("Albert") for breach of contract and unfair trade practices.

On May 19, 1999, the Giles sent a letter to the partnership asking for its assistance in obtaining invoices from Albert. On June 7, 1999, the Giles asked the partnership to determine if there were any irregularities in the invoices and to advise the Giles about

---

[1]    The motion originally came before the Court on a motion to dismiss. However, both parties agreed to transform the motion into one for summary judgment because matters outside of the pleadings were presented to the Court. See M.R. Civ. P. 12(b)(6).

what action should be pursued. After some delay, the partnership met with Albert on November 12, 1999, to discuss the requested invoices. The Giles were not present at the meeting.

The Giles did not hear from the partnership about the events of the November 12, 1999, meeting for approximately eleven days. On November 23, 1999, the Giles faxed the partnership a request for information concerning their case. The partnership responded the same day by letter explaining that Albert had provided the requested invoices and sufficiently explained the project's history. The partnership further conveyed that, in its opinion, the project was not overcharged, that there was "no justifiable claim against Mr. Albert", and that it was closing the Gile case file. On November 26, 1999, the Giles received the letter and the enclosed invoices.

On January 24, 2000, the Giles sent a letter specifically acknowledging the termination of representation by the partnership, retroactive to November 23, 1999. Notwithstanding this recognition, the Giles requested a "brief substantive report of [the] meeting with Albert on November 12, 1999." By mail, on January 26, 2000, the partnership sent a letter reiterating that all requested invoices had been sent on November 23, 1999, that in its opinion, no claim was worth pursuing and that it had already closed the file on the matter. The Giles received this notice on January 28, 2000.

On January 27, 2006, the Giles filed a complaint alleging breach of contract for legal representation, professional malpractice, and negligence in said representation.

## DISCUSSION

The only issue in dispute is the date on which the cause of action accrued, thus commencing the statute of limitations time period. The partnership argues that, at the latest, the Giles' action accrued on November 23, 1999, when they were explicitly notified that the partnership would take no further legal action on their behalf. In

2

response, the Giles contend that the January 28, 2000 notice marks the date of accrual because it was on that date that the partnership unequivocally manifested its intention not to cooperate with the Giles' request.

Under Maine law, an action is commenced by filing a complaint with the Court or by serving notice on the defendant. M.R. Civ.P. 3. Maine law mandates that a cause of action, pertaining to legal representation, be brought within six years of the date of accrual. 14 M.R.S.A §§ 752, 753-B. Accrual is defined as the moment a "judicially cognizable injury is sustained." *Dugal v. Martel*, 588 A.2d 744, 746 (Me. 1991). Under tort law, accrual occurs when the tortfeasor's "wrongful act produces an injury for which a plaintiff is entitled to seek judicial vindication." *Id.* For a breach of contract, a cause of action accrues when the aggrieved party learns that the binding obligation has been breached. *Jackson v. Borkowski*, 627 A.2d 1010, 1014 (Me. 1993).

In reviewing a motion for summary judgment, the Court considers the evidence in the light most favorable to the non-moving party to ascertain whether the record indicates a dispute concerning a genuine issue of material fact. *Parish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. If the record reflects no genuine issue of material fact summary judgment is permissible. *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me. 1985). Generally, a determination on a statute of limitations issue is made either on a motion to dismiss or for summary judgment. *Townsend v. Chute Chem. Co.*, 1997 ME 46, ¶ 9, 691 A.2d 199, 202. However, occasionally, the existence of a genuine issue of material fact as to the date of injury will preclude such rulings. *Id.*

In the present case, the only issue to be resolved is when the Giles were aware of a judicially cognizable injury. The Court finds that the cause of action against the partnership accrued on November 23, 1999, when the partnership terminated its legal relationship with the Giles. On November 23, 1999, the partnership informed the Giles

3

that no legal action would be pursued in the requested matter. Moreover, in a later letter, the Giles acknowledged that the representation contract was in fact terminated as of November 23, 1999. Accordingly, because the Giles accepted that, as of November 23, 1999, the partnership would take no further action on their behalf, it was at that moment when they became aware of their right to seek "judicial vindication" with respect to their claims. *See Dugal*, 588 A.2d 744.

While the Giles argue that they did not have sufficient information to support a cause of action until they received Albert's accounting from the partnership two months later, they were aware on November 23, 1999, that the partnership did not intend to act on their behalf in the case as a whole. As such, that is the date the Giles were allegedly injured by the partnership. Consequently, the commencement of this case on January 27, 2006, is more than six years after the date of accrual, and is thus barred by the partnership's statute of limitations defense.

The entry is:

Defendant Gary Reiner and the Partnership of Reiner & Bouffard's Motion for Summary Judgment is GRANTED. The Plaintiffs failed to commence their cause of action within the statutorily mandated period.

DATE:_____7/7/04_____

G. Arthur Brennan
Justice, Superior Court

Norman C. Gile - Pro se - PL
Anne B. Gile - Pro se - PL
Harrison L. Richardson, Esq. - DEFS

4