STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-07-333

BRUNSWICK TOPSHAM WATER          2009 MAY -7  P 4: 07
DISTRICT,

              Plaintiff,

                                          **ORDER ENTERING JUDGMENT**
      v.                                       **AGAINST PLAINTIFF**
                                          **BRUNSWICK TOPSHAM WATER**
LAYNE CHRISTENSEN COMPANY,                       **DISTRICT**
and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

              Defendants.

      Pursuant to a jury verdict dated February 6, 2009, it is hereby ORDERED that judgment

shall be entered in favor of Defendants Layne Christensen Company ("Layne") and Travelers

Casualty and Surety Company of America, and against Plaintiff Brunswick Topsham Water

District ("District") on the claims set forth in the Complaint. Judgment shall enter in favor of

Layne on Counts I, II, III and IV of the Counterclaim. Judgment shall therefore enter against the

District and in favor of Layne as follows:

| | | |
|---|---|---|
| Contract balance (Well Construction Contract): | $11,132.75 | |
| Contractual interest @18% starting 7/9/05: | 2,671.06 | |
| 1% per month penalty starting 7/9/05: | 4,599.45 | |
| Subtotal: | | $ 18,403.26 |
| | | |
| Contract balance (Redevelopment Contract): | $13,370.00 | |
| Prejudgment interest @ 6.97% starting 3/14/06: | 2,494.17 | |
| 1% per month penalty starting 3/14/06: | 4,412.77 | |
| Subtotal: | | $ 20,276.94 |

Dated:  5/7/09

                                          _____
                                          Justice, Superior Court

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-07-333

2009 MAY -7 P 4: 07

BRUNSWICK TOPSHAM
WATER DISTRICT,

    Plaintiff


v.                                                POST-JUDGMENT ORDER


LAYNE CHRISTENSEN COMPANY
and TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

    Defendants


After trial, the jury returned a verdict on February 6, 2009, finding that Layne

Christensen Company (Layne) did not breach its contracts with Brunswick Topsham

Water District (the District) but that the District breached its agreements with Layne and

awarding damages in the amount of $11,132.75 for breach of the well construction

contract and $13,370 for breach of the redevelopment contract. The District has renewed

its motion for a judgment as a matter of law and Layne has filed a motion for fees and

expenses. Both motions are opposed.

### Motion for Judgment as a Matter of Law

The District contends in its motion that (1) the contract permitted it to withhold

payment, (2) it withheld payment that was proportional and reasonable in light of the

amount in dispute consistent with the Prompt Payment Act and (3) there was no evidence

that the District acted in bad faith.

Rule 50(a) provides that the court may grant judgment as a matter of law "if the court determines that, viewing the evidence with all reasonable inferences therefrom most favorably to the party opposing the motion, a jury could reasonably find for that party on an issue that under substantive law is an essential element of the claim." M.R.Civ. P. 50(a). A party seeking a judgment as a matter of law after trial has the burden of establishing that "the adverse jury verdict was 'clearly and manifestly wrong.'" *Maine Energy Recovery Company v. United Steel Structures, Inc.* 1999 ME 31, ¶ 5, 724 A. 2d 1248, (quoting *Townsend v. Chute Chem. Co.*, 1997 ME 46, ¶ 8, 691 A.2d 199, 202). The court must deny the motion "if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury verdict". *Townsend*, 1997 ME 46, ¶ 8, 691 A. 2d at 202. The court reviews the evidence in the light most favorable to the party opposing the motion and denies the motion if "any reasonable view of the evidence could sustain a verdict for the opposing party." *Maine Energy Recovery*, 1999 ME 31, ¶ 6.

The Prompt Payment Act provides for the prompt payment of amounts invoiced in construction matters and provides an incentive to an owner to make timely payments. The Act provides for penalties against owners who do not make timely payments. *See* 10 M.R.S.A. §§ 1111-1120. The available remedies include prejudgment interest at an enhanced rate, a 1% monthly penalty on amounts wrongfully withheld, and attorney fees. 10 M.R.S.A. §§ 1113(4), 1118(2), 1118(4). "Because the remedies provided by the prompt payment provisions are intended to augment damages that are traditionally available for contract or *quantum meruit* claims, it is not sufficient for the party seeking penalties to prove that work was completed and that an outstanding balance exists."

2

*Jenkins, Inc. v. Walsh Bros.*, 2001 ME 98, ¶ 24. In seeking penalties, the contractor must prove (1) the services were performed in accordance with the agreement or understanding of the parties, (2) the contractor had invoiced the work, and (3) the owner failed to make payment within twenty days after receipt of the invoice. 10 M.R.S.A. § 1113(3). Penalties may not be imposed on any amount withheld that "bears a reasonable relation to the value of any claim held in good faith." 10 M.R.S.A. § 1118(3).

Viewing the evidence and all justifiable inferences in the light most favorable to Layne, the jury reasonably could have found that Layne performed the services called for in the contract, Layne invoiced the work and the District never paid for the work. Layne completed the work due under the construction contract and the District believed that Layne had achieved final completion. The District received Layne's final invoice, dated March 31, 2005, in April 2005. Layne submitted a revised final invoice on June 8, 2005 and all of Layne's work was completed by the time that the District received the revised final bill. Wright-Pierce, the District's engineer, had responsibility for reviewing Layne's invoices and making recommendations to the District for payment of Layne's invoices. Wright-Pierce e-mailed Layne that its invoice would be processed; yet, Wright-Pierce did not process the invoice. Wright-Pierce did not communicate to Layne that its invoice would not be paid or why it was not being paid. The contract for the well construction work required the engineer (Wright-Pierce) to return unacceptable invoices to the contractor (Layne), stating in writing the reasons for refusing to recommend final payment. Wright-Pierce did not send to Layne such a notice with regard to either its March 31, 2005 invoice or its June 8, 2005 invoice. The District held the invoice for nearly a year before it developed the belief that Layne did not perform the work properly.

3

In short, the jury reasonably could have found that the District did not timely pay the invoice due under the well construction contract.

With regard to the Redevelopment Contract, the jury also reasonably could have found that Layne entered into a contract for redevelopment work, Layne performed the work required under the redevelopment contract and the District received Layne's February 2006 invoice for the redevelopment work. The District withheld payment on the redevelopment contract only because of concerns about Layne's work on the separate well construction contract. The court instructed the jury, without objection from the District, that the District was not permitted to deduct funds due on one contract to offset any obligation under a separate contract. No other reason was offered for withholding funds on the redevelopment contract. Thus, the jury reasonably could have found that the District did not pay the development contract in violation of the Prompt Payment Act.

Viewing the evidence and all justifiable inferences in the light most favorable to Layne, the jury reasonably could have found that Layne completed its work under the well construction contract and the redevelopment contract, Layne submitted final invoices to the District and the District did not pay the invoices within 20 days of receipt of the final invoices. Further, the jury reasonably could have concluded that the District did not have a good faith claim when it did not pay Layne's invoices within 20 days of receipt of the final invoices. The District has failed to establish that the adverse jury verdict was clearly and manifestly wrong.

## Motion for Fees and Expenses

Layne seeks its attorney's fees and expenses in defending this action and in pursuing its counterclaims. The District argues against a full award of attorney's fees

4

because Layne's claims under the Prompt Payment Act were a small part of this case. Although this multi-day trial focused on whether Layne was responsible for the sand in the well water, the only way Layne could have established that the contract balances were due was to prove that Layne was not responsible for the appearance of sand in the well water. Thus the claims and counterclaims in this case were inextricably entwined.

The Prompt Pay Act provides that the "substantially prevailing party in any proceeding to recover any payment within the scope of this chapter must be awarded reasonable attorney's fees in an amount to be determined by the court . . . together with expenses." 10 M.R.S.A. § 1118(4). Layne is the prevailing party on all claims in this action, and as such is entitled to its attorney's fees and expenses. In order to prevail on Layne's claim for payment, Layne had to defend against and defeat the District's claim that Layne's work was defective. Because of the complexity of this case, the significant effort required and the interrelationship of the District's claim that Layne performed defectively under the construction contract and Layne's claims that the District failed to pay the invoices due under both contracts, Layne is awarded its attorney's fees in the amount of $99,831.72.

The parties' disagree whether "expenses" include Layne's expenses for its expert witnesses. The court rejects Layne's argument that the Prompt Pay Act's use of the term expenses rather than costs means it is entitled to all of the expenses related to the experts. The court concludes that the narrow and explicit language relating to "reasonable expert fees and expenses" in 14 M.R.S.A. § 1502-C and 16 M.R.S.A. § 251 controls the question of what expert expenses are covered. Those statutory "provisions authorize only fees that are directly related to attendance at trial." *Poland v. Webb*, 711 A. 2d 1278,

5

1281 (Me. 1998). Records review, travel time and expenses are not permitted costs under 16 M.R.S.A. § 251. Trial preparation time is also not allowed. See *Poland v. Webb*, 711 A. 2d at 1281. Thus, Layne is awarded $3,900 for the fee charged by Frank Getchell for trial attendance and $620 for David Mostoller for trial attendance. Layne is denied costs for items such as research, preparation of reports, deposition and trial preparation and attendance at depositions because these costs and expenses are not authorized by 14 M.R.S.A. § 1502-C, 16 M.R.S.A. § 251 or M.R.Civ.P. 54(f). The balance of Mr. Getchell and Mr. Mostoller's fees are not allowed.

Finally, Layne is allowed $5,127 of expenses related to trial exhibits, transcripts and service of process.

The entry is:

> Plaintiff's motion for judgment as a matter of law is denied.
>
> Defendant's request for attorney's fees and expenses is allowed as follows:
>
> Defendant is awarded attorney's fees in the amount of $ 99,831.72.
> Defendant is awarded expert fees for trial attendance in the amount of $ 4,520.
> Defendant is awarded additional costs and expenses in the amount of $5,127.

Date: May 7, 2009

Joyce A. Wheeler, Justice
Maine Superior Court

6

)F COURTS
land County
Box 287
iine 04112-0287

ROBERT RUESCH ESQ  - P
JOHN GIFFUNE ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586

)F COURTS
and County
Box 287
ine 04112-0287

DEBRA BROWN ESQ   O
PO BOX 373
PORTLAND ME 04112